DUNCAN v. SCOTT COUNTY.

70    607'
f72    43
70   607
73   599

Opinion delivered October 25, 1902.

1.  RES JUDICATA—FORMER OPINION.—Where a claim against a county in favor of the county clerk for certain fees was allowed by the county court, and was disallowed by the circuit court on the ground that the clerk was estopped by an agreement to waive them, and the case was reversed and remanded for a new trial, the only question before the court being whether the clerk was estopped or not, a remark in the former opinion that "he (the clerk) was by law entitled to the fees allowed by the county court, and he is estopped by no antecedent agreement to waive them," will not preclude the county from disputing the validity of any items of the claim.    (Page 608.)

2.  COUNTY CLERK — FEES FOR ALLOWANCE AND INDEXING OF CLAIMS.— Where, in a proceeding for calling in county warrants for allowance and reissuance, 2247 warrants were presented by 700 different persons, and the county court ordered 2113 new warrants to be issued in lieu thereof, the clerk was entitled to a fee for the allowance and indexing of only 700 claims.    (Page 609.)

3.  SAME—FEE FOR SETTLEMENT.—The allowance of a warrant is not a settlement of an account, within Sand. & H. Dig., § 3909, entitling a county clerk to a fee of ten cents for making settlement of each account with the county.    (Page 610.)

4.  SAME—FEE FOR FILING CLAIM—LIABILITY OF COUNTY.—A county is not liable for the county clerk's fee for filing county warrants for allowance and reissuance.    (Page 610.)

Appeal from Scott Circuit Court.

STYLES T. ROWE, Judge.

Reversed.

*Leming & Hon, Mechem & Bryant,* for appellant

The court was entitled to a fee of ten cents for each allowance against the county. Sand. & H. Dig., § 3309; 66 Ark. 243. Filing a claim against the county and presenting it for allowance is the institution of an action. 32 Ark. 8; 66 Ark. 243. Duncan was entitled to the fees allowed by the county court. Sand. & H. Dig., § 3354; 68 Ark. 276; 10 Ark. 186.

*H. N. Smith,* for appellee.

The entries in question were not proper orders of allowance. 32 Ark. 45. Where more than one name is in the order, the rule in 43 Ark. 375 applies. The whole claim for 2113 settlements should be disallowed. 63 Ark. 315. The clerk was not entitled to a fee for indexing claims. 43 Ark. 375; 47 Ark. 472. Nor for presenting claims. 32 Ark. 52; 64 Ark. 204; 47 Ark. 442.

BUNN, C. J. This is a controversy as to the fees of the appellant, as county clerk of Scott county, for services rendered in a proceeding to call in, for the purpose of cancellation and reissuance, the outstanding treasury warrants of the county.

The case was here on a former appeal, and was reversed for an error of the circuit court in holding that said county clerk was estopped from claiming any fees whatever because of an alleged contract between himself and the county judge to the effect that, if the latter would call in the warrants for the purposes aforesaid, he would not charge his fees against the county. That was the only question before this court on the former appeal, as the circuit court did not consider the fees charged, whether they were in accordance with the statute regulating such fees.

The court reversed the judgment of the circuit court and remanded the cause, but in the closing paragraph of the opinion used this language: "He (the county clerk) was by the law entitled to the fees allowed by the county court [if found correct, of course], and he is estopped by no antecedent agreement to waive them." There was but one question before this court, and that was the question of estoppel. The circuit court, by its order of dismissal of the complaint, had eliminated all other questions. The remanding order of this court was: "The judgment (of the circuit court) is reversed, and the cause remanded, with directions to be proceeded with not inconsistently herewith." This meant, of

course, that the case, on being remanded, should be tried on the merits of the claim and each item thereof, which the circuit court should have done in the first instance, and would have done, had it not dismissed the case on the ground of the estoppel. It is evident, therefore, that the case was not *res judicata,* by reason of anything said in the former decision.

The account of appellant against the county was as follows, to-wit:

"To 2,113 orders of allowance, at 10 cents each...$211 30  
To 2,113 warrants on treasury issued............ 211 30  
To settlements of 2,113 accounts and orders.... 211 30  
To 700 indexes.............................. 70 00  
To 700 presentations, filings................. 70 00  

Total .............................$773 90"

This was allowed by the county court, and the case was appealed to the circuit court. The circuit court allowed the third item as claimed, and reduced the first and fourth items down to $3.20 each, and disallowed the fifth item, thus allowing in the aggregate the sum of $217.70.

The first item should have been for 700 orders of allowance, for there were 700 claims, and there were in fact, whether in form or not, 700 allowances made, and might have been expressed in so many orders.*

So, also, there were 700 names of claimants to be indexed, and each claimant must necessarily be indexed, and the claim of each of these 700 claimants constituted a case, within the meaning of the statute. Hence the fourth item should have been $70, as claimed.

---

* NOTE.—The evidence showed that in the calling in, canceling and reissuance of the county warrants, 700 different persons presented in the aggregate 2,247 different warrants; that all of said warrants presented were allowed and reissued, but in reissuance the amount was covered by 2,113 warrants. The presentation of said 2,247 warrants by said 700 different persons, the allowance thereof, and the entries directing the issuance of the 2,113 warrants in lieu thereof, appear on the record under thirty-two different headings, some as "W. B. Maxwell and others" (naming many claimants in the body of the entry), and some as "J. W. Combs" (naming only that one person in the entry), each of which the trial court designated as an order. (Rep.)

. · The third item should have been disallowed, as held by the circuit court, for there were no settlements made, within the meaning of the statute. ·

· The fifth item should have been nothing, instead of $3.20, for, according to *Cole* v. *White County*, 32· Ark. 45, it was held by this court that for presenting and filing such warrants (claims) the county is not liable. The account will then stand thus:

To 700 orders of allowance, at 10 cents each....$ 70 00

To 2,113 warrants on treasury, issued at 10 cents ·each ................................····...· 211 30

To 700 indexes of claims or cases at 10 cents each   70 00

Total ......................···········...$351 30

Reversed and remanded, with directions to the circuit court to enter judgment in accordance with the opinion herein and certify same to the county court for payment. ·   · ·