Helen STEELMAN *v.*
PLANTERS PRODUCTION CREDIT ASSOC.

85-12                                    685 S.W.2d 800

Supreme Court of Arkansas
Opinion delivered March 18, 1985

*Young & Finley,* by: *James K. Young,* for appellant.

*Penix, Penix, Mixon & Lusby,* for appellee.

JACK HOLT, JR., Chief Justice. This appeal presents a question of whether actions can be maintained in separate counties to foreclose on parcels of land in each county constituting security for a single note and mortgage when a judgment has already been entered on the note and mortgage in one of the counties.

This case was transferred from the Court of Appeals to this court under Sup. Ct. R. 29 (4) (a) since it involved the interpretation of a statute.

Ark. Stat. Ann. § 27-601 (Repl. 1979), provides in part:

Actions for the following causes must be brought in the county in which the subject of the action, or some part thereof is situated, . . .

Third, For the sale of real property, under a mortgage, . . .

Ronald L. and Anne W. Archer owned lands in both Pope and Randolph Counties, which were subject to a single note and mortgage held by Planters Production Credit Association (PCA), the appellees.

Prior to filing the present suit, PCA obtained a consent judgment and decree of foreclosure on the note and the Randolph County lands. No attempt was made to foreclose on the realty in Pope County, although the same note and mortgage was involved.

After perfecting foreclosure in Randolph County, PCA filed this action to foreclose the Pope County land. After a hearing, the trial court awarded PCA judgment against the Archers and declared PCA third in priority over Helen Steelman, an intervenor, who was found by the court to hold a fourth lien.

Steelman contends that PCA did not have a right to maintain its action in Pope County in light of the Randolph County proceeding. PCA insists that Ark. Stat. Ann. § 27-601 requires this action to be brought in Pope County because subject matter jurisdiction and venue lie in Pope County for the Pope County land, and in Randolph County for the Randolph County land. The chancellor agreed with PCA and Steelman appealed. We reverse and dismiss.

The statute in question does not require isolation of causes of action for the sale of mortgaged real property to the extent that the Randolph Chancery Court could not take jurisdiction over lands in Pope County which were subject to a common note and mortgage with Randolph County lands. To the contrary, in *Wasson Bank Comm'r v. Dodge, Chancellor,* 192 Ark. 728, 94 S.W.2d 720 (1936), this court stated that the Jefferson Chancery Court was the proper forum to exercise foreclosure over lands in Jefferson and Pulaski Counties, and that no other court of equal dignity, or one having concurrent jurisdiction, had any right to interfere.

The Randolph Chancery Court had rightfully acquired jurisdiction of the necessary parties, included PCA, and the subject matter of the indebtedness of the Archers, secured by note and mortgages on the lands in both counties. That the appellant was not a party to the Randolph County litigation is immaterial.

When the appellee PCA obtained judgment against the Archers in Randolph County, it substituted the judgment for its note which constitutes a merger.

The Restatement (Second) of Judgments § 18 (1982) states:

JUDGMENT FOR PLAINTIFF — THE GENERAL RULE OF MERGER. When a valid and final personal judgment is rendered in favor of the plaintiff:

(1) The plaintiff cannot thereafter maintain an action on the original claim or any part thereof, although he may be able to maintain an action upon the judgment; and

(2) In an action upon the judgment, the defendant cannot avail himself of defenses he might have interposed, or did interpose, in the first action.

This position is also supported by Hazard and James in their treatise, *Civil Procedure* pp. 542-543 (2d ed. 1977). The authors point out:

A good place to start critical analysis of the whole matter is with the question: why should not a party be compelled to join all the claims which he *may* join? . . .Wherever there will be a large overlap of issues of evidence if two trials are held, it is wasteful to society and harassing to the adversary to have more than one, and there should be no more than one unless there is some very good reasons. This will be the case in many situations where the evidence and issues are not identical.

*See also* 46 Am. Jur. 2d, *Judgments,* § 383, p. 552 (1969).

When PCA obtained judgment on its note, it could have asked the Randolph Chancery Court to foreclose on both tracts of land, appointing a commissioner to sell the lands in Pope County. Ark. Stat. Ann. § 30-501 (Repl. 1979). This it did not do. It would be unreasonable and unfair to permit PCA to take this same note, which has been reduced to judgment, and sue again for a separate judgment in another court. "Upon the merger of the cause of action in a judgment the old debt ceases to exist and the next judgment takes its place". 46 Am. Jur. 2d, *supra* § 384, p. 553.

The Randolph Chancery Court, having assumed jurisdiction for one purpose, has retained it for all and can grant all of the relief, legal and equitable, to which the parties are entitled. *Merchants & Farmers Bank* v. *Harris*, 113 Ark. 100, 167 S.W. 706 (1914). Therefore, the Pope Chancery Court is without jurisdiction in this matter. *Wasson Bank Comm'r, supra.*

The question of the reasonableness of the consideration paid for the Randolph County land by PCA should be addressed to the Randolph Chancery Court for the reasons stated.

Reversed.