Helen STEELMAN *v.* PLANTERS PRODUCTION
CREDIT ASSOCIATION

85-190                                              701 S.W.2d 119

Supreme Court of Arkansas
Opinion delivered December 23, 1985

*Young & Finley,* by: *James K. Young,* for appellant.

*Penix, Penix, Mixon & Lusby,* for appellant.

JACK HOLT, JR., Chief Justice. This is the second appeal of this case (see *Steelman* v. *Planters Production Credit Association,* 285 Ark. 217, 685 S.W.2d 800 (1985)) and, therefore, our jurisdiction attaches because of Rule 29(1)(j).

These facts were shown by the first appeal: PCA held a note and mortgage from Ronald and Anne Archer secured by a mortgage on lands in Pope and Randolph Counties. PCA foreclosed its mortgage in Randolph County but only as to the Randolph County land, making no attempt to foreclose as to the Pope County land.

Following the foreclosure in Randolph County, PCA filed

suit in Pope Chancery Court on the same note and mortgage seeking to foreclose against the land in Pope County. Named as defendants were other lien holders: the First National Bank of Russellville, William and Daisey Briscoe, and Treco, Inc. Helen Steelman intervened in the suit claiming a lien by reason of an assignment from Treco. The Chancellor found that the bank's lien was first, the Briscoe's lien was second, PCA's third and Helen Steelman's was fourth. Ms. Steelman appealed and we reversed, holding that under the doctrine of merger the note to PCA was extinguished, inasmuch as the note and mortgage merged into the judgment obtained in Randolph County. See *Steelman* v. *Planters Production Credit Association, supra.* We also said:

> When PCA obtained judgment on its note, it could have asked the Randolph Chancery Court to foreclose on both tracts of land, appointing a commissioner to sell the lands in Pope County. Ark. Stat. Ann. § 30-501 (Repl. 1979). This it did not do. It would be unreasonable and unfair to permit PCA to take this same note, which has been reduced to judgment, and sue again for a separate judgment in another court. "Upon the merger of the cause of action in a judgment the old debt ceases to exist and the next judgment takes its place". 46 Am.Jur.2d, supra §384, p. 553.

> The Randolph Chancery Court having assumed jurisdiction for one purpose, has retained it for all and can grant all of the relief, legal and equitable, to which the parties are entitled. *Merchants & Farmers Bank v. Harris*, 113 Ark. 100, 167 S.W. 706 (1914). Therefore, the Pope Chancery Court is without jurisdiction in this matter. *Wasson Bank Comm'r, supra.*

When the mandate was filed the Chancellor noted language in the opinion directing him to dismiss the case for lack of jurisdiction and he did so. Ms. Steelman has appealed again, contending it was error to dismiss as to all parties.

The problem that faced the court below and which we now face on appeal is that we found PCA's note and mortgage had merged into the judgment, precluding any further action on the note by PCA. However, language in our opinion indicated that

Randolph County still had jurisdiction of the case and Pope County was without jurisdiction, implying that the entire case should be resumed in Randolph County. We note at the outset that the holding of our first opinion did not rest on a question of jurisdiction but rather on the rule of *merger*.

■ In dealing with this problem we are well aware of the rule that what was decided in a case pending before us on appeal is not open to reconsideration in the same case, on a second appeal on similar facts. But the rule has limits: "The first decision is the law of the case, and must control its disposition, but the rule does not apply to expressions of opinion on matters the disposition of which was not required for the decision." *St. Louis & S.F. Rd. Co.* v. *Conarty*, 124 Ark. 454, 184 S.W. 310 (1916) citing *Barney et al.* v. *Winona R.R. Co.*, 117 U.S. 228 (1886); *Clark* v. *Hershy*, 52 Ark. 473, 12 S.W. 1077 (1889) and see *Duncan* v. *Scott*, 70 Ark. 607, 70 S.W. 314 (1902).

In *Barney* v. *Winona, supra*, the United States Supreme Court was faced with a similar problem. There, the Court on the first appeal made an "inadvertent" and "erroneous" description of a government land grant involved in a property dispute. On remand the court below recognized the error but thought itself bound by the mistake. On the second appeal of that decision, the Supreme Court confessed its own error and noted that the court below "seems to have been embarrassed by the erroneous description of the character of the grant . . . and to have felt obliged [to use that characterization in arriving at its holding.]" The trial court's conclusion was found nonetheless, to be in error. The Supreme Court, taking full note of its erroneous declaration, also noted that such a statement was not material to its holding and therefore not ruled by the law of the case. After a clarification of the procedure necessary to settle the dispute, the case was remanded to the court below for further proceedings.

Similarly in this case, although we did not make an erroneous statement of law, the language used indicated that what we were saying should have current application to the case before us, i.e., that Randolph County should take jurisdiction of the case and that Pope County was without jurisdiction. The question of jurisdiction, however, was dictum only, by way of explaining what PCA should have done in the first instance while in

Randolph County and what the jurisdictional posture would have been had PCA so acted. Randolph County could not now hear the case that PCA filed in Pope County nor could it have heard it if PCA had filed the suit there after its first judgment, rather than in Pope County. PCA was precluded from any further action on the note by virtue of the merger rule, as explained in our earlier opinion. In that sense, Pope County is also without jurisdiction, but only as to an action by PCA on its note—not because of any retained jurisdiction in Randolph County, but because PCA is precluded from further action on the note. PCA is now limited to an action only on its judgment.

The language employed in our opinion was admittedly confusing and for this we take full responsibility. With our explanation of Randolph County's hypothetical jurisdiction including the statement that Pope County was without jurisdiction, the Chancellor obviously felt compelled to dismiss the case. "Whatever was before the court and disposed of is considered as finally settled, but the inferior court, upon the case being remanded is justified in considering and deciding any question left open by the mandate and opinion and may consult the opinion to ascertain exactly what was decided and settled." *St. Louis & S.F. Rd. Co., supra*. The Chancellor tried to comply but felt bound by some of the language in the opinion to dismiss the entire case. However, as we have said, our holding in the first appeal was limited to a ruling that PCA had no further rights under the note, and the action taken by the court should have been limited to dismissing the cause only as to PCA.

Reversed and remanded.

PURTLE, J., not participating.