John David TERRY  v.  John A. WHITE, in His Capacity as Chancellor of the University of Arkansas at Fayetteville;  and B. Alan Sugg, in His Capacity as President of the University of Arkansas System

07-1143                                               288 S.W.3d 194

Supreme Court of Arkansas
Opinion delivered October 2, 2008

*Christian & Byars*, by: *Eddie Christian, Jr.*; and *Pryor, Robertson, Beasley, Smith & Karber, PLLC*, by: *Gregory T. Karber*, for appellant.

*Bassett Law Firm LLP*, by: *Woody Bassett; Jeffrey A. Bell*, Gen. Counsel; *T. Scott Varady, William R. Kincaid*, and *Tamla J. Lewis*, Gen. Counsel, for appellees.

ANNABELLE CLINTON IMBER, Justice. Attorney Eddie Christian, Jr., appeals from an order of the Washington County Circuit Court finding him in contempt for intentionally and willfully violating a prior order barring all discovery. Christian alleges two points of error on appeal: 1) the circuit court's prior order did not prohibit new discovery after the filing of an amended complaint; and 2) the circuit court exhibited both the appearance of bias and actual bias. Because this appeal involves the discipline of attorneys-at-law, our jurisdiction is pursuant to Arkansas Supreme Court Rule 1-2(a)(5) (2008). We find no error and affirm.

On April 24, 2007, Christian filed a complaint in the Washington County Circuit Court on behalf of his client, John David Terry. The named defendants were John A. White, in his capacity as Chancellor of the University of Arkansas, Fayetteville, and B. Alan Sugg, in his capacity as President of the University of Arkansas System. The complaint sought a writ of mandamus and alleged claims for breach of contract, breach of fiduciary duty, and misuse of public funds, or illegal exaction. The gravamen of Terry's complaint was that White had failed to conduct a proper investigation into allegations of a harassing email campaign against a student-athlete.

On the same day as the filing of the complaint, Christian issued subpoenas duces tecum to several individuals, scheduling depositions and seeking such evidence as email correspondence, computer hard drives, and cellular phone records. In compliance with Rule 30(b)(1) of the Arkansas Rules of Civil Procedure,

Christian also issued notices of those depositions to White and Sugg. On May 9, 2007, following the filing of various objections and motions to quash by the individuals subpoenaed, the circuit court held a telephone conference with counsel. At that time, counsel for White and Sugg indicated an intent to file a motion to dismiss on the grounds of sovereign immunity. On account of this plan to seek summary dismissal of the complaint, White and Sugg requested a stay of discovery. The parties thus agreed to a delay in ruling on the objections and motions to quash until such time as the defendants filed their motion to dismiss and the court conducted a hearing on all pending motions, including any dispositive motions filed by the defendants. The order encompassing the rulings from the telephone conference, entered May 24, 2007, directed that no person or entity already subpoenaed should respond or produce documents prior to June 8, 2007. The order also instructed Christian to include on any subpoenas or notices issued language instructing the recipient not to respond or produce documents prior to June 8, 2007.

White and Sugg filed their motion to dismiss on May 17, 2007. The circuit court held a hearing on the motion on June 4, 2007, and dismissed Terry's breach-of-contract and breach-of-fiduciary-duty claims with prejudice on the grounds of sovereign immunity. The court also ruled that Terry's illegal-exaction and mandamus claims were dismissed without prejudice for failure to state facts upon which relief could be granted, pursuant to Arkansas Rule of Civil Procedure 12(b)(6). Terry was granted a period of twenty days in which to refile the illegal-exaction and mandamus claims. The circuit court's order of dismissal, entered June 26, 2007, contained the following paragraph:

> In light of the dismissal of the Complaint, no discovery shall be conducted and all outstanding discovery initiated prior to June 4, 2007, is stayed indefinitely pending any further Orders of this Court. However, any person or entities that have been subpoenaed and/or noticed for depositions and/or production of documents in this proceeding will remain under their respective notice or subpoena duces tecum until further notice of the Court. With regard to any outstanding discovery, Plaintiff's counsel is hereby directed to provide written notice to each recipient of any subpoena or discovery request that all discovery is stayed in this matter indefinitely and that no witness is to produce any documents, appear for deposition, or otherwise respond to any discovery requests or demands pending any further Orders by this Court.

Terry filed an amended complaint on June 25, 2007, re-pleading the illegal-exaction and mandamus claims. White and Sugg moved to dismiss the amended complaint on July 16, 2007. On July 30, 2007, Christian issued a subpoena to the Director of the Arkansas Department of Finance and Administration (DF&A), the workplace of Sherri Darby, one of the previously subpoenaed witnesses. The subpoena instructed the Director to appear for deposition and to produce all emails received by or sent from Darby's email address referring to the University of Arkansas football program.[1] By way of this subpoena, Christian obtained from the DF&A a compact disc containing more than 800 emails received by or sent from Darby's email address. Christian issued three more subpoenas on August 8, 2007, to employers of two other witnesses and to the DF&A again, expanding the scope of the evidence sought. Christian failed to provide notices of depositions to opposing counsel in accordance with Arkansas Rule of Civil Procedure 30(b)(1). He released the evidence obtained to the *Arkansas Democrat-Gazette* and various other individuals. Opposing counsel and counsel for the subpoenaed witnesses were apparently unaware of these four subpoenas until the information was reported in the newspaper.

Darby filed a motion for contempt against Terry and Christian on August 13, 2007, alleging violations of the court's May 24 and June 26 orders. In a telephone conference held the following day, the court stated that it had intended to stay all discovery. In an effort to maintain the status quo until the motion for contempt could be heard on its merits, the court entered an order dated August 16, 2007, barring all discovery absent further orders of the court and requiring Christian to notify all other counsel of all outstanding subpoenas and of the identities of all individuals or entities to whom evidence had been released. The court also ordered Christian to notify all recipients of subpoenas and inform them that they should not respond until ordered to do so by the court. Additionally, Christian was prohibited from sharing information received as a result of the subpoenas and was ordered to notify all individuals or entities with whom he had already shared

---

[1] Christian sought this evidence first by way of a Freedom of Information Act request. Upon being informed by the Department of Finance and Administration that the records would not be released pursuant to the request, Christian issued the subpoena.

information and instruct them not to further disseminate it. On August 17, 2007, White and Sugg filed their own motion for contempt.

Also on August 17, 2007, the court held a hearing on White and Sugg's motion to dismiss the amended complaint. The court granted the motion to dismiss in accordance with Arkansas Rule of Civil Procedure 12(b)(6), finding that Terry had again failed to allege facts sufficient to state a claim for illegal exaction or mandamus.[2] In an order entered September 7, 2007, the court awarded $1,000 in attorney's fees in favor of White and Sugg, finding that Terry's complaints failed to present a justiciable issue of fact or law, and released all individuals and entities subpoenaed. On September 5, 2007, the court held a hearing on the motions for contempt, at which it found Christian to be in civil contempt of court for intentionally and willfully violating the court's June 26 order barring all discovery. The order of contempt was entered on October 25, 2007. Christian filed a timely notice of appeal.

For his first point on appeal, Christian contends that the circuit court's order finding him in contempt must be reversed due to the lack of clarity in the court's prior order barring discovery. Specifically, he argues that the June 26 order barring discovery involved two separate issues: outstanding discovery, which had been initiated prior to the June 4 hearing, and new discovery, which had yet to be initiated at the time of the hearing. Christian asserts that outstanding discovery was stayed pending the motions to quash, while new discovery was barred because of the dismissal of the complaint. The crux of Christian's argument is that the filing of the amended complaint revived the action and therefore lifted the bar on new discovery. White and Sugg, along with Darby,[3] who has also filed a brief in this appeal, point out that the June 26 order barring discovery was filed one day after the amended complaint was filed, indicating that the circuit court intended for the bar to remain in spite of the filing of the amended complaint.

Our standard of review for civil contempt is whether the finding of the circuit court is clearly against the preponderance of the evidence. *Omni Holding & Dev. Corp. v. C.A.G. Invs., Inc.,*

---

[2] This order is the subject of a related appeal, *Terry v. White,* 374 Ark. 387, 288 S.W.3d 199 (2008).

[3] Darby failed to file a motion to intervene in this court.

370 Ark. 220, 230, 258 S.W.3d 374, 381 (2007). This court has held that willful disobedience of a valid order of a court is contemptuous behavior. *Omni Holding & Dev. Corp. v. 3D.S.A., Inc.*, 356 Ark. 440, 450, 156 S.W.3d 228, 235 (2004). However, before one can be held in contempt for violating the court's order, the order must be definite in its terms and clear as to what duties it imposes. *Id.* Christian argues that the circuit court's June 26 order was unclear in regard to new discovery. He asserts that the phrase "[i]n light of the dismissal of the Complaint" indicated that discovery could be resumed if an amended complaint were filed within twenty days. Christian attempts to demonstrate this lack of clarity by arguing that counsel present at the June 4 hearing understood the court's ruling to be that discovery was stayed for twenty days.

First, we note that the paragraph at issue in the June 26 order contains no mention of twenty days. The fifth paragraph of the order granted Terry a period of twenty days from the date of the hearing, through and including June 25, 2007, in which to file an amended complaint repleading the illegal-exaction and mandamus claims. The seventh paragraph then ruled that, "[i]n light of the dismissal of the Complaint, no discovery shall be conducted and all outstanding discovery initiated prior to June 4, 2007, is stayed indefinitely pending any further Orders of this Court." We find Christian's contention that the twenty days was also somehow relevant to discovery to be wholly unavailing. The circuit court's order clearly stayed all outstanding discovery and barred all future discovery.

As Christian points out, the transcript of the June 4 hearing was attached to and incorporated into the June 26 order. He argues that comments made at the hearing establish the lack of clarity of the discovery ruling. However, the paragraph incorporating the transcript reads as follows: "The reasons and grounds for the Court's dismissal of each count of Plaintiff's Complaint are detailed in the transcript of the Court's ruling from the bench on June 4, 2007, which is attached hereto and incorporated into this Order." In other words, the comments made from the bench were incorporated only insofar as they related to the dismissal of the complaint. In any event, we hold that the court's comments at the June 4 hearing are consistent with its ruling barring all discovery and, in fact, contradict Christian's argument regarding lack of clarity.

As a general rule, judgments are construed like any other instruments; the determinative factor is the intention of the court, as gathered from the judgment itself and the record. *Magness v. McEntire*, 305 Ark. 503, 506, 808 S.W.2d 783, 784 (1991). We have followed this general rule in stating that judgments should be reviewed by looking to the judgment itself, pleadings, and any evidence presented. *Id.* Moreover, while we look to the language in which an order is couched, we also look to whether the evidence supports the ruling. *Id.* at 506, 808 S.W.2d at 784-85 (quoting *Ark. State Bank Comm'r v. Bank of Marvell*, 304 Ark. 602, 607, 804 S.W.2d 692, 694 (1991)). The circuit court in the instant case made its intentions clear in the June 4 hearing with the following statement, which was made in reference to the May 24 order ruling that no recipient of a subpoena should respond before the motion to dismiss could be heard:

> [D]idn't we put in there that nobody would be required to produce anything until after June the 4th, something like that? I guess we need to put in this order that that deadline is extended because, of course, if you do plead over again, then you may have another motion to dismiss by the defendants, so I would assume we just need to put that *action is stayed until further orders of the Court indefinitely.*

(Emphasis added.) This language demonstrates the court's clear intent with regard to discovery. Christian's argument to the contrary is meritless.

The court's comment quoted above also indicates that the June 26 order was intended to parallel the May 24 order. Both orders stayed discovery in anticipation of the filing of a dispositive motion to dismiss by White and Sugg. In both instances, the court intended to maintain the status quo until such motion to dismiss could be heard. As such, the purpose and terms of the circuit court's June 26 stay of discovery could not have been more clear.

We hold that the June 26 order was definite in its terms and clear as to what duties it imposed. The order itself and the circuit court's comments plainly demonstrate that the order was intended to constitute a complete bar on all discovery. Therefore, we reject Christian's argument regarding lack of clarity.

For his second point on appeal, Christian alleges that the circuit court exhibited both the appearance of bias and actual bias. However, he failed to make an objection on this basis or move for the circuit judge's recusal. The argument alleging judicial bias is not preserved when there is not an objection based on the

bias of the judge or a motion for the trial judge to recuse. *Middleton v. Lockhart*, 364 Ark. 32, 37, 216 S.W.3d 98, 101 (2005). Christian's bias argument is not preserved for appellate review; accordingly, we are precluded from addressing it.

Affirmed.

WILLS, J., not participating.