2010 Ark. App. 459
**David A. BISBEE and Linda M. Bisbee, Appellants**

v.

**DECATUR STATE BANK, Appellee.**

**No. CA 09–1096.**

Court of Appeals of Arkansas.

June 2, 2010.

Howard L. Slinkard, Howard L. Slinkard, P.A., Rogers, AR, for appellant.

William B. Putman, Taylor Law Partners, LLP, Fayetteville, AR, for appellees.

JOHN MAUZY PITTMAN, Judge.

This case involves competing liens against real property. Appellee Decatur State Bank loaned $225,000 to James and Jodie Wilmouth in 2004. It recorded a mortgage on eight tracts of their real property in Benton County on September 20, 2004. On October 23, 2007, appellants David and Linda Bisbee obtained a judgment in Benton County against the Wilmouths for $876,295.70. The Wilmouths filed for bankruptcy the next month. After the bankruptcy court released tracts 1, 4, 6, and 7 from the estate, appellee filed an *in rem* proceeding against those tracts in Benton County to enforce the mortgage, but did not seek an *in personam* judgment against the Wilmouths. Appellee obtained judgment for $196,956.06, plus interest, costs, taxes, and attorney's fees, and the court authorized a judicial sale of the property to satisfy the debt. Appellee was the highest bidder at the sale and bought the property for less than the amount of the judgment. The court confirmed the sale in an order dated August 27, 2008, which stated:

> IT IS THEREFORE CONSIDERED, ORDERED AND DECREED that said sale and Report of Sale be, and the same are hereby, in all things approved and confirmed, and that the Commissioner, upon complete payment of the purchase money, is directed to execute, acknowledge and deliver to said purchaser a Commissioner's Deed conveying the lands described in the Decree to the purchaser, and that the judgment previously rendered in this cause in favor of the plaintiffs be satisfied in full and that after said deed is transferred, all necessary writs may be issued by the clerk upon application of the purchaser to place the purchaser in possession of said lands.

On December 9, 2008, the bankruptcy court abandoned tract number 8, which was included within appellee's mortgage. On December 30, 2008, appellee filed an *in rem* foreclosure proceeding against tract 8 and named the Wilmouths and appellants as defendants. Appellee recited the original $225,000 debt the Wilmouths owed it pursuant to the promissory note, which it attached to the complaint. It asked the court to declare its mortgage superior to any other lien, including appellants' judgment lien; to grant it judgment for the remaining debt of $84,736.43; and to con-

duct a judicial sale if necessary. Appellants filed an answer and a counterclaim against appellees raising the defense of res judicata and asserting that the previous *in rem* judgment and foreclosure barred this action. They alleged that the original debt had been extinguished and satisfied in full, and that, in any event, their judgment lien was superior to appellee's lien.

Appellants moved for summary judgment, arguing that the doctrine of res judicata barred this action; that appellee was splitting its cause of action; that appellee could have asked |₃the bankruptcy court to abandon tract 8 before seeking judgment on the note; and that, when appellee's lawsuit on the note was reduced to judgment, merger occurred and the judgment was substituted for the note.

Appellee also moved for summary judgment. It argued that it could not have sought foreclosure against tract 8 because of the automatic stay in bankruptcy. It denied that the original debt secured by the mortgage was extinguished by the sale of the previously foreclosed property. It also argued that its mortgage, which predated appellants' lien by three years, took priority. It attached the affidavit of William Clark, Jr., the trustee in bankruptcy, in which he stated that, although he had approved the order abandoning tracts 1, 4, 6, and 7, he had not authorized the abandonment of tract 8 because he believed it might generate funds for the Wilmouths' debtors. He further stated that, after attempting to sell tract 8 without success, he approved an order of abandonment. He added that, until the bankruptcy court abandoned tract 8, the circuit court was without jurisdiction to foreclose the mortgage on that tract.

The court entered a decree of foreclosure on July 6, 2009. It declared that appellee's mortgage lien of $84,736.40 took priority over all other rights; that appellants' lien was barred; and that, if appellee's mortgage lien, interest and costs were not paid within ten days, the commissioner would sell the property, foreclosing all other rights. It explained:

10. The facts in this case are not disputed. The issue to be decided by the Court is whether or not the Decatur State Bank has by its election to proceed on the Promissory Note and Mortgage foreclosed only on some of the land contained in the Mortgage is now barred by res judicata or merger from asserting a priority in this case |₄over the remaining parcel. If so then the Bisbees' Judgment would pre-date the bank's Judgment and they would have the priority position. More specifically the issue is does the "automatic stay" of the Federal Bankruptcy Law prohibit the State Circuit Court from exercising jurisdiction over the property which is the subject of the Mortgage.

11. I find that it does. It "stays all judicial proceedings even when the debtor is only a nominal party." 11 U.S.C. 524(3)(2) cited on Page 2 of [appellee's] Reply and Brief filed April 14, 2009.

12. I cannot find any legal duty for the [appellee], Decatur State Bank, to have petitioned the Federal Bankruptcy Court for Relief from the Automatic Stay as to Tract 8. [Appellants], Bisbees, cannot show that such proceeding would have been successful and ask this Court to speculate that it would have been. I think it is worth noting that the Bisbees as unsecured creditors and named in the bankruptcy proceeding had the same opportunity to petition the Federal Bankruptcy Court for relief from the stay had they so chosen to do so. It therefore must follow that this Court had no subject matter jurisdiction to foreclose Tract 8 at the time of the first proceed-

ing and all of the elements for the bar of res judicata are not present in this case.

13. The [appellants] Bisbee also raise the issue of merger. I find that to the extent that this suit involves the Promissory Note that the argument is well taken. The plaintiff has already had Judgment on the Note and attorney's fees, interest, and costs awarded to it in the original proceeding. I find the Mortgage is still legally sufficient to give the Decatur State Bank priority in this foreclosure action. But no attorney's fees or interest shall be awarded in this case. The regular Court costs and the Master's fee shall be allowed. The Benton County Circuit Clerk shall be appointed Master to conduct the foreclosure sale. The state's tax lien priority shall be as in the preceding case.

Appellants then pursued a timely appeal.

Summary judgment may be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated and the party is entitled to judgment as a matter of law. *Lee v. Martindale*, 103 Ark. App. 36, 286 S.W.3d 169 (2008). The moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.* When the movant makes a prima facie showing of entitlement, the respondent must meet proof with proof and show a genuine issue as to a material fact. *Dodson v. Allstate Ins. Co.*, 365 Ark. 458, 231 S.W.3d 711 (2006). When there are genuine questions of material fact with regard to a party's intent, summary judgment is improper. *Id.* On appeal, we need only decide if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. *Lee v. Martindale, supra.* In making this decision, we view the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.*

■ Appellants first argue that the claim-preclusion aspect of res judicata should have barred appellee from foreclosing on tract 8 because it could have done so in the first foreclosure action. Even though tract 8 was still subject to the automatic stay, appellants argue that appellee could have sought an order from the bankruptcy court releasing that tract or could have waited to proceed on the debt until the bankruptcy court released all of the mortgaged property.

■ The doctrine of res judicata has two aspects: claim preclusion and issue preclusion. *Benedetto v. Justin Wooten Constr., LLC*, 2009 Ark. App. 825, 372 S.W.3d 391. The purpose of the res judicata doctrine is to put an end to litigation by preventing a party who had one fair trial on a matter from relitigating the matter a second time. *Id.* Under the claim-preclusion aspect of the doctrine of res judicata, a valid and final judgment rendered on the merits by a court of competent jurisdiction bars another action by the plaintiff or his privies against the defendant or his privies on the same claim or cause of action. *Id.* Res judicata bars not only the relitigation of claims that were actually litigated in the first suit, but also those that could have been litigated. *Id.* When a case is based on the same events as the subject matter of a previous lawsuit, res judicata will apply even if the subsequent lawsuit raises new legal issues and seeks additional remedies. *Id.* The key question regarding the application of res judicata is whether the party against whom the earlier decision is

being asserted had a full and fair opportunity to litigate the issue in question. *Brandon v. Ark. W. Gas Co.*, 76 Ark. App. 201, 61 S.W.3d 193 (2001). However, there are exceptions to the rule by which a judgment would extinguish a claim under the rules of merger or bar. In *Brandon*, 76 Ark. App. at 211, 61 S.W.3d at 201, we recognized the exceptions expressed in the *Restatement (Second) of Judgments* section 26 (1982):

> (1) When any of the following circumstances exists, the general rule . . . does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant:
>
> . . . .
>
> (c) The plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts or restrictions on their authority to entertain multiple theories or demands for multiple remedies or forms of relief in a single action, and the plaintiff desires in the second action to rely on that theory or to seek that remedy or form of relief. . . .

The exception to the general rule set forth in the Restatement applies here because the first foreclosure suit and this action were *in rem* proceedings against separate parcels of land that were not released from the bankruptcy estate at the same time. A proceeding *in rem* operates upon the land itself. *River Bar Farms, L.L.C. v. Moore*, 83 Ark. App. 130, 118 S.W.3d 145 (2003). Appellee proceeded against the first four tracts of land after they were abandoned by the bankruptcy trustee, with the bankruptcy court's approval. At that time, it could not proceed against tract 8 because of the automatic stay; that remedy was simply not available. 11 U.S.C. § 362 (2006). Although appellants argue that appellee should have somehow forced the bankruptcy judge to abandon tract 8, they cite no authority that supports their position. As soon as the bankruptcy judge approved the trustee's release of tract 8 from the estate in bankruptcy, appellee proceeded to foreclose its mortgage against tract 8, which it could not have done in the first lawsuit. *See Stogsdill v. Stogsdill*, 76 Ark. App. 474, 68 S.W.3d 324 (2002). The first lawsuit, therefore, was not res judicata as to the second.

Appellants next contend that the wording of the confirmation-of-sale order conclusively established that the foreclosure sale completely satisfied the first judgment and extinguished the debt. As a general rule, a satisfaction of judgment entered of record operates as an extinguishment of the debt and a bar to further proceedings. *Fields v. Jarnagin*, 210 Ark. 1054, 199 S.W.2d 961 (1947). It is, therefore, necessary to construe the first judgment and the order confirming the judicial sale. Judgments are construed like any other instrument; the determinative factor is the intention of the court, as gathered from the judgment itself and the record. *Terry v. White*, 374 Ark. 366, 288 S.W.3d 194 (2008). Judgments should be reviewed by looking to the judgment itself, pleadings, and any evidence presented. *Id.* Although we look to the language in which an order is couched, we also look to whether the evidence supports the ruling. *Id.*

The order confirming the sale provided that payment by the purchaser satisfied the judgment "in full" and did not expressly reserve the right to pursue additional collateral. In the judgment, the circuit court stated that appellee was "not seeking a personal or deficiency judgment against said defendants"; that the action was only to enforce its mortgage on tracts 1, 4, 6, and 7; and that it awarded "judgment

against the above described property and improvements, in rem...." The court directed that a sale be held if the debt were not paid within ten days and added:

> Provided however, if the plaintiff becomes the purchaser at said sale for the amount not in excess of this Judgment and for the principal and debt due it, and the interest thereon and the costs herein, in lieu of giving bond, the said party may credit the amount of its bid, less the Court costs to be paid herein, including Commissioner's fee on the Judgment herein rendered, at the time of the confirmation of said sale, with the proper priorities, which credit shall be an extinguishment of this Judgment to the extent of such credit....

The phrase "which credit shall be an extinguishment of this Judgment to the extent of such credit" indicates that the circuit court did not intend that the judgment would be fully satisfied by whatever the first sale produced, even if it were less than the judgment.[1]

Citing *Steelman v. Planters Production Credit Association*, 285 Ark. 217, 685 S.W.2d 800 (1985), appellants further argue that, when appellee reduced the note to judgment, merger applied and the judgment was substituted for the note. We disagree. In that case, the supreme court held that a mortgagee, after foreclosing on property in one county, could not file a second foreclosure action on land, covered by the same note and mortgage, in a separate county. That case did not involve an automatic stay in bankruptcy, and the court in the first action had jurisdiction over the property in the second county;

thus, the mortgagee could have proceeded against all of the property covered by the mortgage in the first action. That was not possible here.

Appellants conclude their brief by arguing that their judgment lien entered on October 23, 2007, takes priority over appellee's judgment and foreclosure decree entered on August 1, 2008, citing Arkansas Code Annotated section 16–65–117(a)(1)(A) (Repl.2005), which provides that a judgment in circuit court becomes a lien on real estate in the county in which it was rendered from the date of rendition. Again, we disagree. The August 1, 2008, judgment enforced a 2004 mortgage that secured all of the property and predated appellants' judgment lien by three years. Additionally, appellee's purchase-money mortgage would take priority over appellants' judgment lien, regardless of the dates they were filed. A purchase-money mortgage, executed with a deed as a part of one continuous transaction, and recorded within a reasonable time to prevent detrimental reliance by a third party, is superior to all other claims or liens arising through the mortgagor, even though they are prior in time; this is true without reference to whether the mortgage was executed to the vendor or to a third person. *Garrett Tire Ctr., Inc. v. Herbaugh*, 294 Ark. 21, 740 S.W.2d 612 (1987).

Affirmed.

GLADWIN and GLOVER, JJ., agree.

---

1. Our decision is consistent with our holding in *Haney v. Phillips*, 72 Ark. App. 202, 35 S.W.3d 373 (2000), that the trial court had erred in applying the election-of-remedies doctrine to bar a foreclosure action after the mortgagee had sued on the promissory note. We held that the remedies sought by the mortgagee were not inconsistent, and that

under the law, he was entitled to pursue either one of them, or both in succession, until the debt was satisfied; although the plaintiff is entitled to only one satisfaction, he is entitled to pursue available concurrent remedies not inconsistent with each other. *Accord Davis v. Lawhon*, 186 Ark. 51, 52 S.W.2d 887 (1932).