Cite as 2026 Ark. App. 246

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CV-25-294

| | |
|---|---|
| CONWAY LAKESIDE, LLC; AND EAGLECREST RECOVERY, LLC<br><br>APPELLANTS<br><br>V.<br><br>WASHINGTON COUNTY, ARKANSAS; WASHINGTON COUNTY QUORUM COURT; PATRICK DEAKINS, IN HIS OFFICIAL CAPACITY AS WASHINGTON COUNTY JUDGE; CHARLES MCKINNEY AND MARY MCKINNEY<br><br>APPELLEES | Opinion Delivered April 22, 2026<br><br>APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. 72CV-23-1033]<br><br>HONORABLE DOUG MARTIN, JUDGE<br><br>APPEAL DISMISSED; MOTION DENIED AS MOOT |

**BRANDON J. HARRISON, Judge**

This is a complicated case. It began as an appeal from the Washington County quorum court's decision to deny EagleCrest Recovery, LLC and Conway Lakeside, LLC (collectively, EagleCrest) a conditional use permit (CUP) to operate a for-profit "sober living" recovery program in a single-family neighborhood zoned for residential or agricultural use. The quorum court denied the CUP by ordinance—Ordinance No. 2023-

26—the first of three we will discuss.[1]  We call it the 2023 ordinance.  EagleCrest appealed to circuit court under Ark. Code Ann. § 14-17-211 (Repl. 2013) and Ark. Dist. Ct. R. 9(f).

Mary and Charles McKinney, siblings who own homes nearby, intervened to defend the CUP denial and enjoin EagleCrest's operation.  That demonstrated some foresight:  the simple permit appeal became a two-court (now three-court) game of whack-a-mole after EagleCrest filed a federal lawsuit alleging the county's permit decision discriminated against its clients because of disabling drug or alcohol addictions.

The county folded—or tried to, at least.  In April 2024, the quorum court passed Ordinance No. 2024-36, which repealed the 2023 ordinance and expressed that "pursuant to federal law, [EagleCrest] should not have been required to apply for a conditional use permit."  But the McKinneys appealed the 2024 ordinance in the same docket.

On 17 December 2024, the court granted summary judgment on their motion.  It concluded the 2024 ordinance was "null and void" and the 2023 ordinance was still in effect.  It found EagleCrest's continued operation violated the 2023 ordinance and Washington County Code § 1320.07.  It granted a permanent injunction requiring EagleCrest to "cease operations completely on or before January 4, 2025"—the only relief that order awarded.

But the federal case was still breathing.  The next day, the federal district court entered an agreed preliminary injunction enjoining the county "from requiring [Eaglecrest]

---

[1]In *MMSC, LLC v. Washington County*, 2026 Ark. 56, ___ S.W.3d ___, our supreme court held that a CUP decision by the same quorum court, also made by ordinance, was a quasi-judicial decision the circuit court should either have heard or reviewed de novo.

to have a conditional use permit" or "taking any steps to enforce any ordinance, rule, or policy that would require" it to have a CUP. The agreement was between EagleCrest and the county defendants; the McKinneys were not listed as parties.

December 20, on the strength of the federal injunction, EagleCrest and the county defendants moved the circuit court to vacate or modify the December 17 order under Arkansas Rules of Civil Procedure 59 and 60. Alternatively, they asked to stay the injunction until the federal case resolved.[2] Later that day, EagleCrest filed a notice of appeal from the December 17 order. It timely lodged the appellate record here; briefing closed in late September 2025.

But the federal case was still moving. In March, EagleCrest moved to supplement the record with two documents it says moot this appeal.[3] It asks us to remand with instructions "to dissolve the injunction and dismiss the underlying case with prejudice." One attached document is an agreed order from federal court dismissing the federal case with prejudice in light of a $500,000 settlement of EagleCrest's claims. The other is a quorum court ordinance from December 2025 approving that settlement. In it, the quorum court finds that, pursuant to the settlement, EagleCrest is "not required to obtain a conditional use permit to continue operations" as contemplated at the time of its application

---

[2]In a December 31 letter, the McKinneys' counsel told the circuit court he could not oppose a stay of the injunction as a practical matter, given the federal order not to enforce the 2023 ordinance through the county's agents, but he was "certainly not stipulating or agreeing to such a stay."

[3]We don't know whether either has been filed in circuit court.

3

in 2023 "and [is] considered grandfathered in under the Washington County zoning ordinances in place as of [its] application for a conditional use permit in 2023."

The motion was passed to us with the case. We deny it as moot because this case is still raising its head below in circuit court. On 2 January 2025, two days before the circuit court's injunction was to take effect, the court entered this order:

ORDER TO STAY ENTRY OF THE JUDGMENT

Before the Court is the Joint Motion for a New Trial or a Modification or Stay of the Judgment wherein the Plaintiffs and Defendants jointly requested this Court make new findings and conclusions of law and direct the entry of a new or amended judgment pursuant to Ark. R. Civ. P. 59 and 60 or to stay entry of the judgment.

By letter filed herein on December 31, 2024, the Intervenors do not object to a stay.

In light of the preliminary injunction entered by the District Court for the Western District of Arkansas in Case No. 5:24-cv-05249-TLB ("Federal Action"), this Court will stay entry of the judgment entered herein on December 17, 2024. Because entry of the judgment is stayed, the Plaintiffs' Joint Motion filed herein under Ark. R. Civ. P. 59 and 60 is premature and will not be addressed at this time.

The parties are ordered to keep this Court timely aware of any determinative actions taken by the court in the Federal Action.

Entry of Judgment is stayed until this Court rules otherwise.

IT IS SO ORDERED.

Eaglecrest did not appeal that order. No one mentioned it in the briefing or appellate motion. There is a jurisdictionally significant difference between staying *entry* and staying *enforcement* of a judgment. A judgment is not effective until it is entered. *Exigence, LLC v. Baylark*, 2010 Ark. 306, 367 S.W.3d 550. It is entered when it is filed as described in

4

Administrative Order No. 2(b).  Ark. R. Civ. P. 58; Ark. R. App. P.–Civ. 4(d).  The judgment the circuit court referred to had already been entered on December 17.

The Arkansas Rules of Civil Procedure do not expressly contemplate staying entry of an order or judgment; and we particularly discourage doing so retroactively.  But we have given effect to a retroactive stay at least once, in a case where staying entry of an order prevented conflict with our jurisdiction during an appeal.  *McKim v. Sullivan*, 2019 Ark. App. 485, at 11 n.4, 588 S.W.3d 118, 125 n.4.  In any event, judgments "are construed like any other instruments; the determinative factor is the intention of the court, as gathered from the judgment itself and the record."  *Terry v. White*, 374 Ark. 366, 372, 288 S.W.3d 194, 198 (2008).  The January 2 order makes clear that the circuit court meant to vacate any legal effect of the December 17 order.  It could do so in the circumstances.

The court ordered the stay in response to a motion filed within ten days to vacate or modify and before that motion was deemed denied.  *Compare Brinkley Sch. Dist. v. Terminix Int'l Co., L.P.*, 2019 Ark. App. 445, 586 S.W.3d 694.  The federal injunction the motion relied on was a compelling reason to grant relief from the December 17 order, which had done nothing but impose a conflicting injunction.  The stay order reserved decision for a future point depending on events in the federal case.  And it expressed that there was no longer a judgment to speak of: "[b]ecause entry of the judgment is stayed, the [postjudgment motion] filed herein under Ark. R. Civ. P. 59 and 60 is premature and will not be addressed at this time."  Finally, the court stayed entry in a written order, ensuring that when it does enter judgment—whether by drafting and entering a new one, or lifting the stay on entry of this one—there will be a future written order from which a party could appeal.  *Cf.*

5

*McCain Mall Co. Ltd. P'ship v. Nick's Bar Louie, Inc.*, 2025 Ark. App. 505 (reviewing under Ark. R. App. P.–Civ. 2(a)(2) where circuit court's order to close case to further filings left only a speculative possibility of a future order that could be appealed).

Simply put, there is nothing for us to review.

Appeal dismissed; motion denied as moot.

ABRAMSON and VIRDEN, JJ., agree.

*RMP LLP*, by: *Seth M. Haines*, *Timothy C. Hutchinson*, and *Larry McCredy*, for appellants.

*Crouch, Harwell, Fryar & Ferner, PLLC*, by: *Steven S. Zega* for separate appellees Charles McKinney and Mary McKinney.