2011 Ark. App. 98

**Richard L. MYERS et al., Appellants**

v.

**Peter Karl BOGNER, Sr.,
et al., Appellees.**

**No. CA 10–636.**

Court of Appeals of Arkansas.

Feb. 9, 2011.

James Walter Tilley, Bethany A. Pike, Little Rock, James Ellis Crouch, Matthew L. Fryer, Springdale, for appellant.

Glenn Eugene Kelley, Rogers, for appellee.

ROBERT J. GLADWIN, Judge.

This appeal is from a summary judgment entered in favor of appellees[1] in the lawsuit they filed against appellants[2] to set aside an order of the Carroll County judge closing a platted road in Mundell

1. Peter Bogner, Sr., and Marilyn Bogner, Trustees of the Bogner Family Trust, U/D June 28, 2001; Frederick Koritta and Patricia Koritta; Bruce Gronen and Mary Gronen; and Mundell Heights Homeowners Association.

2. O. William Reeder, Jr., Richard Myers, and Deborah Myers.

Heights Estates subdivision, in which appellees and appellants own property. We affirm the circuit court's decision to set aside the county judge's order and reverse its award of attorney's fees to appellees.

Mundell Heights was created in 1963 as a platted subdivision in Carroll County outside ₂the boundaries of any municipality. The road in question, which lies between appellants' lots, was on the original plat as a public-access road providing access to Beaver Lake. It has since been treated as a county road. On December 10, 2008, appellants filed a petition with the county court to close the road and published notice in the Arkansas Democrat Gazette on December 10 and 17, 2008. The county court held a hearing on December 22, 2008. On December 29, 2008, the county judge signed an order closing the road. After appellees learned of the closing, they filed this independent action to set aside the county judge's order. Requesting declaratory and injunctive relief, along with attorney's fees, they asserted that the county judge had applied the wrong statutes. Appellants answered that appellees were barred from challenging the road's closure because they had failed to appeal from the county judge's order.

The circuit court ruled that the county judge's order was void and entered summary judgment for appellees. It held that the county judge should have followed the statutory procedure for closing county roads, Arkansas Code Annotated sections 14–298–101 through 14–298–125 (1987 and Supp.2009),[3] instead of the statutes applicable to the vacating of roads ₃in platted subdivisions outside municipalities, Arkansas Code Annotated sections 14–18–101 through 14–18–110 (Repl.1998)[4] and that appellants had failed to follow the notice or hearing requirements of any statute or of Arkansas Rule of Civil Procedure 4. The court stated:

> The court first notes that A.C.A. § 14–18–106, *Petition to vacate street, etc.* and A.C.A. § 14–298–102, *Notice prerequisite to petition for county road* contain notice requirements. The defendants did not comply with the statutory requirements for the provision of notice under either statute when viewed

---

3. This statutory scheme was enacted in Act 26 of 1871. Arkansas Code Annotated section 14–298–101 (1987) states in part: "The county court ... shall have full power and authority to make and enforce all orders necessary ... for ... vacating any public road or part thereof."

   Arkansas Code Annotated section 14–298–102(a) (1987) provides for notice of petitions to vacate a county road: "Previous to any petition being presented for a county road, or for the alteration or vacation of a county road, notice thereof shall be given by publication in some newspaper, published in the county, if one exists." Arkansas Code Annotated section 14–298–103 (1987) states that all applications for vacating any county road shall be by petition to the county court, signed by at least ten freeholders of the county, and that at least one of the signers shall enter into a bond. Arkansas Code Annotated section 14–298–117 (Supp.2009) provides for the vacating of a "useless" county road upon the application of ten citizens residing in that portion of the county.

4. This statutory scheme was enacted in 1945. Arkansas Code Annotated section 14–18–105 (Repl.1998) gives the county court the authority to vacate streets in platted subdivisions outside municipalities that have not been opened or actually used for a period of five years. *See Weisenbach v. Kirk*, 104 Ark.App. 245, 290 S.W.3d 614 (2009). Arkansas Code Annotated section 14–18–106 (Repl.1998) provides that the owners of all lots and blocks abutting any street desired to be vacated shall file a petition in the county court and that, upon the filing of the petition, "the county clerk shall promptly give notice, by publication once a week for two (2) consecutive weeks in some newspaper published in the county and having a general circulation therein...."

in conjunction with Rule 4 of the Arkansas Rules of Civil Procedure.

Specifically, the defendants filed a petition on December 10, 2008. They published a notice in the Arkansas Democrat Gazette on December 10th and 17th, 2008. A hearing was scheduled for December 22, 2008 and an Order entered by the county judge on December 29, 2008. The hearing was held twelve (12) days after the publication of the first notice.

The provisions of A.C.A. § 14–18–106 require that the notice be published for two consecutive weeks "in some newspaper published in the county" and having a general circulation in the county. While there is not a specified time limitation for the hearing date, Rule 4 requires that any hearing based upon a warning order give notice to all parties that they must appear within thirty days. This was simply not done. The hearing should have been scheduled for January 10th 2009 at the earliest.

Additionally, there is at least one newspaper published in Carroll County . . . The Carroll County News. This is a legal newspaper as defined by Arkansas law and it maintains a general circulation in the county. The Affidavit of Publication as filed ⌊₄by the defendants states that the Arkansas Democrat Gazette is published in Benton County, Arkansas. Again, the defendants did not comply with the requirements of the statute.

The court further notes that the defendants did not comply with Rule 4 in the case of C2008–4, by filing an affidavit stating that "30 days have elapsed since the warning order was first published as provided in paragraph (2). If a defendant or other interested person is known to the party seeking judgment or to his or her attorney, the affidavit shall also state that 30 days have elapsed since a letter enclosing a copy of the warning order and the complaint was mailed to the defendant or other interested person as provide[d] in this subdivision."

A.C.A. § 14–298–102, *Notice prerequisite to petition for county road* provides that the notice must be published in some newspaper "published in the county" or if one is not published in the county then notices must be posted in the township where the road is located. Again, the defendants did not comply with this statute.

The conclusion that the court is compelled to reach in this case is that proper notice was not given in case No. C2008–4 and that the failure to provide notice is fatal to the petition to close the road in the underlying case. The defendants, petitioners in C 2008–4, obtained an order without granting the public the required time to respond to the petition and therefore the order entered by the county judge in case C2008–4 is void and is of no effect. That there is no time bar to the setting aside of a void judgment and the plaintiffs herein are not prohibited from bringing this action to do so. The court does not make any determination of whether or not fraud was exercised by the defendants in C2008–4 but does find that strict compliance with the notice requirements is required and that the defendants failed in all respects to comply with the Rules of Civil Procedure and with the publication requirements contained in the statutes.

The court also ruled that appellants would pay appellees' attorney's fees and costs.

Appellants asked the court to reconsider the award of attorney's fees on the grounds that attorney's fees are not recoverable in actions for declaratory judgment or injunction under Arkansas Code Anno-

tated section 16–22–308 (Repl.1999), which provides for the recovery of such fees in actions for breach of contract; that this action was not for breach of contract; and that the subdivision's restrictive covenants did not provide for the recovery of attorney's fees in actions to prevent violation of those covenants. Appellees responded that the relief requested and awarded in this case was based upon a breach of contract within the authority of section 16–22–308 and that the court also had power to award attorney's fees pursuant to Arkansas Code Annotated sections 14–298–103 and 14–298–116 (1987 and Supp.2009). The circuit court denied appellants' motion for reconsideration and entered an order awarding appellees $8382 in attorney's fees and $190 in costs. Appellants pursued this appeal.

Summary judgment may be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated and the party is entitled to judgment as a matter of law. *Bisbee v. Decatur State Bank,* 2010 Ark. App. 459, 376 S.W.3d 505. The moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.* When the movant makes a prima facie showing of entitlement, the respondent must meet proof with proof by showing a genuine issue as to a material fact. *Id.* When there are genuine questions of material fact with regard to a party's intent, summary judgment is improper. *Id.* On appeal, we need only decide if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. *Id.* In making this decision, we view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.*

In their first point on appeal, appellants make several arguments to support their contention that the circuit court erred in setting aside the county court's order. They argue that the circuit court erred in ruling that Arkansas Code Annotated sections 14–298–101 through 14–298–125, rather than sections 14–18–101 through 14–18–110, governed the closing of the road, and that, to challenge the county court's decision, appellees were required to appeal it to the circuit court; because they did not do so, the circuit court was without jurisdiction to hear this proceeding. Appellants also challenge the circuit court's ruling that the notice given was insufficient because it did not comply with the provision of Arkansas Rule of Civil Procedure 4(f)(4) (2010) that a judgment cannot be taken before thirty days have passed after publication of a warning order.[5] Citing Arkansas Rule of Civil Procedure 81 (2010),[6] appellants assert that the rules of civil procedure did not govern the notice to be given by the county court because Ar-

---

5. Arkansas Rule of Civil Procedure 1 (2010) states that those rules govern all civil suits in circuit court with the exceptions stated in Arkansas Rule of Civil Procedure 81 (2010). Rule 1 of the District Court Rules (2010) provides that those rules govern the procedure in the county courts (included within the term "district courts") and that, where applicable and unless otherwise specifically modified therein, the Arkansas Rules of Civil Procedure govern matters of procedure and evidence.

6. Rule 81(a) provides that the rules of civil procedure do not apply where a statute which creates a right, remedy, or proceeding specifically provides a different procedure, in which event, the procedure so specified shall apply.

kansas Code Annotated section 14–18–106 (Repl.1998), with which they substantially complied, was a special proceeding exempt from those rules.

■■ Appellants' entire argument on this point depends upon our acceptance of their ₇contention that the notice provisions of Rule 4(f) did not apply to the county-court proceeding. We disagree and hold that the circuit court reached the correct decision on this issue. The supreme court's rule-making authority over procedural matters is exclusive. *Johnson · v. Rockwell Automation, Inc.*, 2009 Ark. 241, 308 S.W.3d 135. Section 3 of amendment 80 to the Arkansas Constitution provides that the supreme court "shall prescribe the rules of pleading, practice and procedure for all courts; provided these rules shall not abridge, enlarge or modify any substantive right and shall preserve the right of trial by jury as declared in this Constitution."[7] Therefore, appellants were required to comply with Rule 4(f), which requires that thirty days elapse before a judgment can be taken. Because appellants waited only nineteen days before obtaining an order, the county court's judgment was void. Arkansas law is long settled that service of valid process is necessary to give a court jurisdiction over a defendant, and that statutory-service requirements, being in derogation of common-law rights, must be strictly construed

and compliance with them must be exact. *Raymond v. Raymond,* 343 Ark. 480, 36 S.W.3d 733 (2001). The general rule is that a judgment entered without jurisdiction of the person or the subject matter or in excess of the court's power is void. *Id.* Accordingly, we affirm the circuit court's decision to set aside the county court's order.

■■ ₈Appellants further argue, and we agree that, because appellees sought and obtained only declaratory and injunctive relief, the circuit court erred in awarding attorney's fees to appellees on any possible ground. Attorney's fees are not allowed except where expressly provided for by statute; they are not recoverable in injunction or declaratory-judgment cases, even when the underlying dispute arises from a contract. *Hanners v. Giant Oil Co. of Ark., Inc.,* 373 Ark. 418, 284 S.W.3d 468 (2008); *Arkansas Okla. Gas Corp. v. Waelder Oil & Gas, Inc.,* 332 Ark. 548, 966 S.W.2d 259 (1998). Although Arkansas Code Annotated section 16–22–308 (Repl. 1999)[8] provides for attorney's fees in actions for breach of contract, appellees did not sue or recover damages for breach of contract. *See Millwood–RAB Marketing, Inc. v. Blackburn,* 95 Ark.App. 253, 236 S.W.3d 551 (2006). Additionally, the deed restrictions and covenants provided no basis for the attorney's fees award.[9] Al-

7. Arkansas Code Annotated section 16–11–301 (Repl.2010) recognizes this authority: All statutes concerning pleading, practice, and procedure in all courts shall be deemed superseded by rules adopted by the Supreme Court pursuant to Arkansas Constitution, Amendment 80, § 3, or pursuant to the Supreme Court's constitutional, inherent, or statutory authority prior to the effective date of Arkansas Constitution, Amendment 80.

8. Section 16–22–308 provides: "In any civil action to recover ... for ... breach of contract, unless otherwise provided by law or the contract ... the prevailing party may be al-

lowed a reasonable attorney's fee to be assessed by the court and collected as costs."

9. The covenants provided:

If the lot or tract owners, any of them, or their heirs and/or assigns shall violate or attempt to violate any of the deed restrictions, and/or covenants herein mentioned, it shall be lawful for any other person or persons owning any real property situated in said development or subdivision, to prosecute any proceedings at law or in equity against the person or persons violating or attempting to violate any such covenant/restriction and ei-

though parties may enter into a written contract that specifically provides for the payment of attorney's fees incurred in the enforcement of the contract, *see Marcum v. Wengert,* 344 Ark. 153, 40 S.W.3d 230 (2001), that did not occur here. There is no dispute that the purchasers of lots in the subdivision were contractually bound by the deed restrictions and covenants, *see Lineberry v. Riley Farms Prop. Owners Ass'n,* 95 Ark.App. 286, 236 S.W.3d 534 (2006); those provisions, however, did not expressly provide for the recovery of attorney's fees.

Affirmed in part; reversed in part.

HOOFMAN and BROWN, JJ., agree.

ther to prevent him/her or them from doing, or to recover damages or other dues for such violation.