
# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–13–287

|  |  |
|---|---|
| RALPH SHANE CALAWAY<br><br>APPELLANT<br><br>V.<br><br>TARA FALLEN CROTTY<br><br>APPELLEE | **Opinion Delivered** November 6, 2013<br><br>APPEAL FROM THE UNION COUNTY CIRCUIT COURT<br>[NO. DR–2012-0558-02]<br><br>HONORABLE MICHAEL R. LANDERS, JUDGE<br><br>DISMISSED ON DIRECT APPEAL; REVERSED ON CROSS-APPEAL |

## BILL H. WALMSLEY, Judge

Appellant Ralph Shane Calaway appeals from the Union County Circuit Court's order of protection for appellee Tara Fallen Crotty and her minor children. Calaway argues that the trial court erred in granting the order because Crotty failed to prove domestic abuse. Crotty has filed a cross-appeal contending that the trial court erred in subsequently modifying the order without providing her notice. We reverse on cross-appeal and consequently dismiss Calaway's direct appeal.

On October 1, 2012, Crotty petitioned for an order of protection for herself and her two children, then aged nine and six. The trial court granted the ex parte petition and scheduled a hearing for November 2, 2012.

At the hearing, Crotty testified that she and Calaway dated intermittently for more than two years. Their relationship ended in March or April 2011. Crotty testified to specific

events that occurred from December 2011 through September 2012, which she alleged resulted in her fear that Calaway might cause harm to her and her children.

Following the hearing, the trial court granted an order of protection, effective for three years, finding, among other things, that Calaway had inflicted fear of imminent physical harm, bodily injury, and assault. The order indicated that Calaway possessed a firearm and had a history of extreme violence.

On November 13, 2012, Calaway moved to amend the order pursuant to Ark. R. Civ. P. 52(b) and for reconsideration. On December 3, 2012, the trial court entered an order indicating that Crotty (acting pro se) had received a copy of Calaway's motion but that no pleading or response from her had been received or filed. The trial court then amended the order, removing the caution with regard to a firearm and violent history and reducing the effective term of the order to eighteen months. Subsequently, an amended final order was filed on December 6, 2012.[1]

Calaway filed a timely notice of appeal from the December 6, 2012 order, and Crotty filed a timely notice of cross-appeal.[2] Neither party appealed from the original order.

---

[1]There are two amended orders, both signed by the judge on December 3, 2012, in the addendum. The second order reflects a checked box prohibiting Calaway from initiating any contact with the victims. For clarity's sake, we will simply refer to "the amended order."

[2]Crotty states in her notice of cross-appeal that she is not abandoning her response to Calaway's motion to amend filed on December 28, 2012. In the response, Crotty asserted that she did *not* receive Calaway's motion because it was sent to the wrong address. Moreover, Crotty points out for the first time on appeal that no hearing was held on Calaway's motion.

The Arkansas Domestic Abuse Act is codified at Arkansas Code Annotated sections 9–15-101 through –217 (Repl. 2009). The purpose of the act is set forth in section 9-15-101. The General Assembly found that the Act was "necessary to secure important governmental interests in the protection of victims of abuse and the prevention of further abuse through removal of offenders from the household and other injunctive relief for which there is no adequate remedy in current law." Ark. Code Ann. § 9-15-101. Arkansas Code Annotated section 9-15-209 provides that "[a]ny order of protection issued by the circuit court pursuant to a petition filed as authorized in this chapter may be modified upon application of either party, notice to all parties, and a hearing thereon."

Without reaching the merits of Calaway's argument, we address Crotty's cross-appeal because it is determinative of the outcome of this case.

Calaway's motion to amend was sent to two addresses: 201 E. Crotty Rd., El Dorado, AR 71730 and 767 Del Tin Highway, El Dorado, AR 71730. Crotty's correct home address is 201 E. Crotty Rd., Norphlet, AR 71759, and mail is not received at the second address, which is only the physical address for her place of employment.

Although Calaway is correct that Crotty provided an incorrect home address within the application for the order of protection, the first two pages of the application indicate that Crotty lived in Norphlet, and not El Dorado. Further, Calaway was accused of entering Crotty's home in Norphlet on numerous occasions without permission, and Calaway testified that he "stopped by" to see Crotty's children while he was working in Norphlet. Thus, Calaway cannot deny any fault for failing to provide notice to Crotty.

While we agree with Crotty's assertion that the trial court's amended order is void, we disagree with Crotty's argument that strict compliance with Ark. Code Ann. § 9-15-209 was required to give the trial court jurisdiction. Because remedies available under the act are completely governed by statutes, orders of protection involve special proceedings. While jurisdiction over special proceedings generally requires strict compliance with the governing statutes, this case does not present a question of jurisdiction. Here, the trial court clearly had jurisdiction to enter the order of protection pursuant to Ark. Code Ann. § 9-15-101.[3] Section 9-15-209 pertains to requirements related to the modification of a previously granted order of protection.

To the extent that the statutes creating the special proceedings provide for a procedure that is different from our rules of civil procedure, the rules of civil procedure do not apply. *Wills v. Lacefield*, 2011 Ark. 262. According to Calaway, section 9-15-209 does not provide for a specific procedure regarding modifications. While Calaway referenced Ark. R. Civ. P. 52(b) below, he now argues that Ark. R. Civ. P. 60 should apply because the order of protection contained "mistakes in its drafting." Rule 60(a) provides that the court may modify an order to correct errors or mistakes or to prevent the miscarriage of justice on motion of the court or any party, with prior notice to all parties, within ninety days of its having been filed with the clerk. Further, Rule 60(b) provides that, notwithstanding subdivision (a) of the rule, the court may at any time, with prior notice to all parties, correct clerical mistakes in orders

---

[3]"The equitable nature of this remedy requires the legislature to place proceedings contemplated by this chapter under the jurisdiction of the circuit courts." Ark. Code Ann. § 9-15-101.

arising from oversight or omission.

We cannot agree that the modifications made by the trial court can be attributed to mere mistakes or clerical error. The trial court made substantive changes to the order of protection and its duration.[4] Further, because section 9-15-209 clearly provides for a hearing, along with an application and notice—a step in procedure that is absent from Rule 60—the modification at issue is governed by statutory procedure, and not our rules of civil procedure.

Considering the purpose of the Domestic Abuse Act, if a trial court decides to modify a previously entered order of protection, the person in need of protection must receive notice and an opportunity to be heard, as contemplated by section 9-15-209, before any modification occurs. We hold that the trial court had no authority to modify the original order of protection. A judgment entered in excess of the trial court's power is void. *Myers v. Bogner*, 2011 Ark. App. 98, 380 S.W.3d 529. We note that our holding as to the amended order necessarily leaves the original order, from which no appeal was taken, in place.[5]

Dismissed on direct appeal; reversed on cross-appeal.

HIXSON and BROWN, JJ., agree.

*Mary Thomason*, for appellant.

*Shackleford, Phillips & Ratcliff, P.A.*, by: *Brian H. Ratcliff*, for appellee.

---

[4]Calaway contends that Crotty was not prejudiced by the modified order with regard to its duration because she had asked that the ex parte order of protection be extended for only six months. The trial court initially determined that Calaway's infliction of fear of harm warranted three years of protection, and no one appealed from that decision.

[5]In the absence of a notice of appeal, this court lacks jurisdiction to consider an appeal from the original order. *Walls v. Arkansas Oil & Gas Comm'n*, 2012 Ark. 418.