Cite as 2023 Ark. App. 545

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-22-705

| | | |
|---|---|---|
| | | Opinion Delivered November 29, 2023 |
| TERRY CUDE | | |
| | APPELLANT | APPEAL FROM THE SHARP COUNTY CIRCUIT COURT [NO. 68CV-22-94] |
| V. | | |
| | | HONORABLE ADAM G. WEEKS, JUDGE |
| THE JILL PETTERSEN FAMILY REVOCABLE TRUST | | |
| | APPELLEE | REVERSED |

## STEPHANIE POTTER BARRETT, Judge

In this one-brief appeal, appellant Terry Cude appeals the Sharp County Circuit Court's award of attorney fees to appellee, The Jill Pettersen Family Revocable Trust ("Trust"). Cude argues that the circuit court erred in awarding the appellee attorney's fees because it sought only injunctive relief in its cause of action, and attorney's fees cannot be awarded where a complainant's cause of action rests primarily in an injunctive claim. We agree with Cude's assertion and reverse the award of attorney's fees.

The Trust and Cude own adjoining real property in Sharp County. On August 3, 2022, the Trust filed a complaint in the Sharp County Circuit Court against Cude and Kim Fitzsimmons, a tenant living on Cude's property (collectively "Cude"), alleging that the Trust had an easement across Cude's property; that Cude had erected a fence across the easement,

preventing the Trust from enjoying the use of the easement; that Cude had willfully interfered with its right to use the easement, causing the Trust to suffer damages; that the Trust was the legal and equitable owner of the easement; and that it had no adequate remedy at law. The Trust asked that Cude be "temporarily and permanently restrained and enjoined from interfering with the use of said 'easement.'"

By the time the hearing was held on the matter on September 8, 2022, Cude had removed the fence, and the issues before the court were costs, damages, and attorney's fees. The Trust asserted $275 in costs, which Cude did not dispute, specifically stating that it was not seeking damages, and requested $2500 in attorney's fees. Counsel asserted entitlement to an attorney's fee on the theory of breach of contract because the easement was granted in a warranty deed, and when Cude erected the fence, he breached the warranty-deed contract; while admitting injunctive relief had been requested, counsel argued that the court had the ability to infer that the Trust intended for the complaint to also argue breach of contract under the warranty deed. Counsel further argued that Arkansas Code Annotated section 16-22-309 allowed an award of attorney's fees if there was a lack of a justiciable issue.

In response, Cude's attorney argued that attorney's fees were not recoverable in injunction cases and that the complaint had not pled breach of a contractual obligation; it pled only loss of the use of the easement, and it requested that Cude be temporarily and permanently restrained and enjoined from interfering with the Trust's use of the easement.

The circuit court took the issue of attorney's fees under consideration, and the following day issued a letter opinion stating that it was awarding attorney's fees to the Trust

in the amount of $2500 and costs of $275. In making the award of attorney's fees, the circuit court stated that it found no justification for the defendants' actions because the Trust had a valid easement, which the defendants had stipulated to; therefore, the attorney's fees were warranted and granted. An order to that effect was entered on September 30; Cude filed a motion for reconsideration the same day, arguing that attorney's fees were not recoverable; and he filed a notice of appeal on October 11 as well as an amended notice of appeal on November 4 when the circuit court failed to rule on the motion for reconsideration.

Cude argues on appeal, as he did below, that the circuit court erred in awarding the Trust $2500 in attorney's fees because the Trust sought and obtained only injunctive relief, and attorney's fees are not recoverable in cases where the cause of action rests primarily in an injunctive claim. We agree.

Our well-established rule relating to attorney's fees is that they are not allowed except when expressly provided by statute. *Patton Hospitality Mgmt., LLC v. Bella Vista Vill. Coopershares Owners Ass'n, Inc.*, 2016 Ark. App. 281, 493 S.W.3d 798. When the circuit court's order awarding attorney's fees does not state a statutory basis for the award, the nature of the action must be ascertained to determine whether there is a statutory basis for an attorney's-fee award. *St. Francis Co. v. Joshaway*, 346 Ark. 496, 58 S.W.3d 361 (2001).

Clearly, the Trust sought injunctive relief in its complaint. In *Arkansas Oklahoma Gas Corp. v. Waelder Oil & Gas, Inc.*, 332 Ark. 548, 966 S.W.2d 259 (1998), our supreme court held that attorney's fees are not recoverable in injunction cases. In *Myers v. Bogner*, 2011 Ark. App. 98, at 8, 380 S.W.3d 529, 534, this court held, "Attorney's fees are not allowed

except where expressly provided for by statute; they are not recoverable in injunction or declaratory-judgment cases, even when the underlying dispute arises from a contract." Because the Trust's claim was one for injunctive relief, attorney's fees are not recoverable, and we reverse the award of attorney's fees.

As for the Trust's assertions that attorney's fees were recoverable under the theory of breach of contract or for lack of a justiciable issue under Arkansas Code Annotated section 16-22-309, we summarily dismiss those arguments. The Trust never pled breach of contract in its complaint, and the circuit court never found that there was a complete absence of a justiciable issue or that Cude acted in bad faith, both of which are required under that statute.

Reversed.

HARRISON, C.J., and KLAPPENBACH, J., agree.

*Daniel R. Haney*, for appellant.

One brief only.