Cite as 2026 Ark. App. 223

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-25-211

| | |
|---|---|
| JOHN MCKISICK<br><br>APPELLANT<br><br>V.<br><br><br>DISCOVERY BAY COLONY PROPERTY OWNERS ASSOCIATION<br><br><br><br><br><br>APPELLEE | Opinion Delivered April 8, 2026<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. 26CV-23-1198]<br><br>HONORABLE KARA A. PETRO, JUDGE<br><br><br><br><br>REVERSED IN PART; AFFIRMED IN PART |

**STEPHANIE POTTER BARRETT, Judge**

John McKisick appeals the Garland County Circuit Court's award of attorney's fees and costs to appellee, Discovery Bay Colony Property Owners Association ("Discovery Bay"). On appeal, McKisick argues the circuit court erred in awarding Discovery Bay attorney's fees because it sought only injunctive relief in its cause of action; and if the award of fees was proper, the amount was excessive, and a portion of the costs awarded are not allowable under Arkansas Rule of Civil Procedure 54(d)(2). We agree with appellant that attorney's fees are not allowable in injunctive-relief cases. Therefore, we reverse the circuit court's award of fees and affirm the costs as awarded.

McKisick owns a unit at Discovery Bay Condominiums in Hot Springs, Arkansas, where he has resided for several years. In May 2021, a thunderstorm destroyed the carport associated with his unit. After the storm, McKisick's neighbor constructed a replacement carport. Following his neighbor's lead, McKisick began constructing a new carport of his own, making an effort to match the appearance of the neighboring structure. However, McKisick did not obtain prior approval from Discovery Bay's board of directors (the Board) before beginning the construction of the carport—a fact neither party disputes. Discovery Bay sent McKisick a letter demanding the carport be removed. McKisick agreed to remove the carport on the condition that the Board first approve a construction plan for a carport. This lawsuit followed.

On October 17, 2023, Discovery Bay filed a complaint in the Garland County Circuit Court. The complaint alleged that the condominium property regime is governed by a master deed and bylaws, collectively referred to as the "governing documents." According to Discovery Bay, these governing documents designate carports as common elements and require that any addition to or alteration of a common element receive prior approval from the Board. Discovery Bay sought injunctive relief requiring McKisick to remove the carport he had constructed. Discovery Bay also requested an award of attorney's fees and costs pursuant to Arkansas Code Annotated section 16-22-308 (Repl. 1999).

In his November 21, 2023 answer, McKisick acknowledged he had received Discovery Bay's letter requesting removal of the carport. He stated he was willing to remove the

structure but requested that Discovery Bay first approve an acceptable replacement carport before he dismantled the existing one.

On March 11, 2024, Discovery Bay moved for summary judgment. Discovery Bay argued no genuine issue of material fact existed because McKisick did not dispute he constructed the carport without obtaining the required prior approval from the Board. Accordingly, Discovery Bay asserted it was entitled to summary judgment.

On August 12, 2024, a summary-judgment hearing was held before the court. At the hearing, Discovery Bay argued McKisick's construction of the carport violated its bylaws, and those same bylaws authorized them to enforce their terms against McKisick. Discovery Bay emphasized that the parties did not dispute McKisick's failure to obtain prior written approval from the Board before constructing the carport. During this argument, Discovery Bay stated, "The claim we've made in this case is for injunctive relief. [We have] met the elements at issue. First, irreparable harm will result by the fact that monetary damages are an inadequate remedy."

In response, McKisick acknowledged he had erected the carport without prior approval from the Board but maintained that wasn't "the whole story" and that genuine issues of material fact remained. McKisick argued that the bylaws do not address which rights, if any, an owner may have to restore property to its prior condition following an act of God—here, the thunderstorm that destroyed his original carport. He further asserted that factual disputes existed regarding whether two tenants could utilize the carport he

constructed and whether a member of the Board had informally given him permission to build the structure.

After hearing the parties' arguments, the circuit court ruled from the bench that no genuine issue of material fact existed and granted Discovery Bay's motion for summary judgment. On August 20, 2024, the court entered a written order memorializing its ruling. In that order, the court found it undisputed that Discovery Bay's bylaws designate carports as common elements and require prior written approval from the Board for any addition to or improvement of such elements. Because McKisick had not obtained the required approval before constructing the carport, the circuit court ordered him to remove the structure.

On August 30, 2024, Discovery Bay filed a petition seeking attorney's fees and costs. In its petition, Discovery Bay asserted it had incurred fees in the amount of $9,890.00 and $812.34 in costs. Discovery Bay attached its counsel's billing records, which reflected work performed from the filing of the complaint through preparation of the fee petition. The request was also supported by affidavits from other practicing attorneys in the area attesting to the reasonableness of fees.

On December 12, 2024, the circuit court entered a judgment awarding attorney's fees and costs. The court awarded attorney's fees and costs "pursuant to the master deed and by laws for Discovery Bay horizontal property regime and Ark. Code Ann. § 16-22-308." The court further found the amount requested by Discovery Bay to be reasonable and necessary. The court awarded attorney's fees in the amount of $9,440.00 and costs in the amount of $812.34 for a total of $10,252.34.

I. *Discussion*

A. Attorney's Fees in Injunctive-Relief Cases

McKisick first argues the circuit court erred in awarding Discovery Bay attorney's fees because Discovery Bay sought and obtained only injunctive relief, and attorney's fees are not recoverable in cases where the cause of action rests primarily in an injunctive claim. Because this issue involves a question of law, our standard of review is de novo. *Pulaski Cnty. v. Ark. Democrat-Gazette, Inc.*, 371 Ark. 217, 220, 264 S.W.3d 465, 467 (2007).

The well-established rule relating to attorney's fees is they are not allowed except when expressly provided by statute. *Patton Hosp. Mgmt., LLC v. Bella Vista Vill. Coopershares Owners Ass'n, Inc.*, 2016 Ark. App. 281, 493 S.W.3d 798. Here, the circuit court awarded attorney's fees pursuant to Arkansas Code Annotated section 16-22-308, which states,

> In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law of the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

In the present case, it is clear from Discovery Bay's complaint that it sought injunctive relief only. In *Arkansas Oklahoma Gas Corp. v. Waelder Oil & Gas, Inc.*, 332 Ark. 548, 966 S.W.2d (1998), our supreme court held that attorney's fees are not recoverable in injunction cases. In *Myers v. Bogner*, 2011 Ark. App. 98, at 8, 380 S.W.3d 529, 534, this court held, "Attorney's fees are not allowed except where expressly provided for by statute; they are not

5

recoverable in injunction or declaratory-judgment cases, even when the underlying dispute arises from a contract."

However, Discovery Bay asserts that our supreme court's holding in *Kell v. Bella Vista Village Property Owners Ass'n*, 258 Ark. 757, 528 S.W.2d 651 (1975), provides a loophole of sorts. Specifically, Discovery Bay asserts that *Kell* allows for the bylaws of a property owners association to form the basis of a contract between parties, and pursuant to its bylaws, McKisick was obligated to reimburse it for the cost of legal services to enforce the bylaws with respect to his unit. *See Kell*, *supra.* Notably, Discovery Bay did not make this argument in its petition for attorney's fees. Rather, it argued that under *Kell*, McKisick had a contractual duty to follow Discovery Bay's bylaws, and by erecting a carport without prior Board approval, he was in breach of contract. It is well known that this court will not address arguments made for the first time on appeal; a party is bound by the scope and nature of the arguments made before the lower court. *See Lewis v. State*, 2017 Ark. App. 442, 528 S.W.3d 312.

Even if Discovery Bay's argument were preserved, it would not change the outcome. In *Cude v. Jill Pettersen Family Revocable Trust*, 2023 Ark. App. 545, 680 S.W.3d 82, a similar argument to Discovery Bay's was made. In *Cude*, the plaintiff argued that the language in the warranty deed that conveyed property to the defendant created a contractual obligation by which attorney's fees could be awarded. We were clear in *Cude* that even when the underlying dispute arises from a contract, attorney's fees are not recoverable in injunction cases. Therefore, we reverse the circuit court's award of attorney's fees.

B. Fees and Costs Awarded

McKisick next argues the circuit court erred in awarding an excessive amount of attorney's fees and that $44.50 of the costs awarded are not allowable under Arkansas Rule of Civil Procedure 54(d)(2). Because we reverse the circuit court's award of attorney's fees, the issue of whether the award was excessive is moot. As to McKisick's argument regarding the $44.50 in costs not being allowable, that argument is not preserved for our review. The record before us contains no indication that McKisick challenged—by postjudgment motion or otherwise—the circuit court's award of costs. Therefore, because the issue is not preserved for appellate review, we affirm the award of costs. *See Reynolds Forestry Consulting & Real Est., PLLC v. Colbey*, 2019 Ark. App. 209, at 16, 575 S.W.3d 176, 186.

Reversed in part; affirmed in part.

KLAPPENBACH, C.J., and BROWN, J., agree.

*Daniel A. Webb*, for appellant.

*Schnipper, Britton & Stobaugh*, by: *Beau Britton*, for appellee.