Gregory HONEYCUTT *v.* Judge Phillip FOSTER,
Ouachita County District Court

07-665                                    268 S.W.3d 875

Supreme Court of Arkansas
Opinion delivered November 29, 2007

*Wm. C. Plouffe, Jr.*, for appellant.

*Rainwater, Holt & Sexton, P.A.*, by: *Michael R. Rainwater, JaNan Arnold Davis*, and *Jason E. Owens*, for appellee.

DONALD L. CORBIN, Justice. This appeal arises from the Ouachita County Circuit Court's order denying Appellant Gregory Honeycutt's petition and amended petition for writ of mandamus directed at Appellee Ouachita County District Court

Judge Phillip Foster (referred to as the "District Court"), as well as the circuit court's order granting Honeycutt's motion to voluntarily nonsuit his petition for writ of prohibition and denying his motion for additional ruling and for new trial/reconsideration/relief from order. On appeal, Honeycutt raises two arguments for reversal: the circuit court (1) improperly delayed ruling on the petitions to Honeycutt's prejudice; and (2) clearly erred and abused its discretion when it failed to compel the District Court to rule on his second motion to transfer. Because this is a case of mandamus, jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(3). We dismiss the appeal as it is moot.

In 2004, Honeycutt brought a cause of action against Stone Timber Co., Inc., in Union County District Court. In August 2004, Stone Timber filed a motion to dismiss the case alleging that venue was improper in Union County because Stone Timber's residence was Ouachita County. On September 27, 2004, the Union County District Court dismissed the case because venue was improper. Then, on October 6, 2004, Honeycutt filed a complaint against Stone Timber in the District Court.

The following has occurred since Honeycutt's complaint was filed in the District Court. On March 24, 2005, Honeycutt filed a motion to transfer his case against Stone Timber back to Union County District Court because venue was proper there and that court erred in dismissing the case. Honeycutt filed a second motion to transfer, on April 12, 2005, alleging that the District Court lacked subject-matter jurisdiction and that venue was proper in Union County Circuit Court. After filing this second motion, Honeycutt's attorney sent multiple letters to the District Court inquiring about the status of the case against Stone Timber.

Then, on November 21, 2006, Honeycutt filed a petition for writ of mandamus in Ouachita County Circuit Court asking the circuit court to direct the District Court to issue an order on the motions to transfer. On December 6, 2006, the District Court issued an order denying Honeycutt's motion to transfer based upon its finding that venue was appropriate. The next day, the District Court responded to Honeycutt's petition in circuit court stating that it had ruled on the motions to transfer by denying them by its December 6 order.

On December 27, 2006, Honeycutt filed an amended petition for writ of mandamus in the circuit court claiming that the District Court's December 6 order failed to address the jurisdictional issue he raised in his second motion to transfer. Thus, he

sought a writ of mandamus to compel the District Court to fully and completely rule on the matter. The District Court again responded that it had ruled on the motions by denying them. On January 25, 2007, Honeycutt filed another amended petition for writ of mandamus and a petition for writ of prohibition in the circuit court.

The circuit court, on February 7, 2007, issued an order of dismissal denying Honeycutt's petition and amended petition for writ of mandamus because the District Court had issued an order denying Honeycutt's motion to transfer. Following this order, the District Court filed a motion to dismiss, on February 12, 2007, asking the circuit court to dismiss the amended petition for mandamus and the petition for prohibition. In April 2007, Honeycutt filed a motion for summary disposition and a request for findings of fact and conclusions of law, as well as a motion for additional ruling and for new trial/reconsideration/relief from order.

On April 23, 2007, Honeycutt filed a motion to voluntarily nonsuit his petition for writ of prohibition. The circuit court, on April 24, 2007, granted the motion to voluntarily nonsuit, but denied Honeycutt's motion for additional ruling and for new trial/reconsideration/relief from order. That same day, Honeycutt filed a notice of appeal from the February 7 and April 24 orders.

A few months later, on September 7, 2007, the District Court issued an order transferring Honeycutt's case against Stone Timber to the Ouachita County Circuit Court. Specifically, the District Court found Honeycutt's second motion to transfer to be without merit because the District Court had subject-matter jurisdiction over the matter. However, because the circuit court had concurrent jurisdiction with the District Court on this matter, "upon its own motion, *sua sponte*, and out of an abundance of caution," the case was transferred to the Ouachita County Circuit Court. A notice of transfer was filed with the circuit court on September 12, 2007.

As stated above, Honeycutt raises two arguments for reversal. First, he argues that the circuit court improperly delayed ruling on the petitions to his prejudice. In support of this argument, Honeycutt claims that the circuit court violated Ark. Code Ann. § 16-115-103 (Repl. 2006) and his rights to due process by not ruling on his petition for writ of mandamus, amended petitions for mandamus, and petition for writ of prohibition "for months."

Second, Honeycutt argues that the circuit court clearly erred and abused its discretion when it failed to compel the District Court to rule on the second motion to transfer. Specifically, Honeycutt argues that his petition and amended petitions for writ of mandamus were improperly dismissed, without requiring the District Court to rule on the second motion, when the District Court had only ruled on Honeycutt's first motion to transfer.

The standard of review on a denial of a writ of mandamus is whether the circuit court abused its discretion. *Republican Party of Garland County v. Johnson*, 358 Ark. 443, 193 S.W.3d 248 (2004). However, as a threshold matter, this court must determine whether the issues before it are moot. As a general rule, appellate courts of this state will not review issues that are moot. *Ball v. Phillips County Election Comm'n*, 364 Ark. 574, 222 S.W.3d 205 (2006). To do so would be to render advisory opinions, which this court will not do. *Id.* A case becomes moot when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *Id.* This court has recognized two exceptions to the mootness doctrine. *Id.* The first exception involves issues that are capable of repetition, but that evade review. *Id.* The second exception concerns issues that raise considerations of substantial public interest which, if addressed, would prevent future litigation. *Id.*

In the present case, the issues raised by Honeycutt are moot. Honeycutt's petition for writ of mandamus asked the circuit court to compel the District Court to rule on his motions for transfer filed in his case against Stone Timber. On December 6, 2006, the District Court issued an order denying Honeycutt's motion to transfer on the issue of venue. On January 25, 2007, Honeycutt filed an amended petition for writ of mandamus as well as a petition for writ of prohibition. On February 7, 2007, the circuit court denied Honeycutt's petition because it found that the District Court had acted in the matter such that a writ of mandamus would not be proper. Honeycutt then filed a motion to nonsuit his petition for writ of prohibition, and a motion for additional ruling and for new trial/reconsideration/relief from order. The circuit court granted the motion to voluntarily nonsuit and denied Honeycutt's motion for additional ruling and for new trial/reconsideration/relief from order. Honeycutt appealed both of the circuit court's orders on April 24, 2007. Then, on September 7, 2007, the District Court issued an order finding Honeycutt's

motion to transfer on the issue of jurisdiction to be without merit, but transferring the case to the circuit court under an abundance of caution because that court had concurrent jurisdiction. Because the District Court has acted in this matter, Honeycutt has received the relief he requested, and both issues raised on appeal are moot. *See Barnett v. Howard*, 363 Ark. 150, 211 S.W.3d 490 (2005) (holding that, due to the county court's acting in the manner requested by the petition for writ of mandamus, the petition was moot).

Furthermore, despite Honeycutt's argument to the contrary, neither of the two exceptions apply. Honeycutt concedes that the District Court has ruled on both motions; however, he claims that what he had to do to force the District Court to do its duty is unconscionable. Thus, Honeycutt concludes that it is evident that this situation could be repeated and that the denial of his requested relief "would send the message that lower courts can sit on motions until just before they are compelled to do so would do little to maintaining respect for the judiciary." This argument is unpersuasive as this case clearly does not fall within the purview of those cases recognized by this court as those that are capable of repetition yet evade review. Neither does this case involve an issue of substantial public interest that, if addressed, would prevent future litigation. As such, any review of this case would constitute an advisory opinion. It is well established that this court will not render advisory opinions. *Ball*, 364 Ark. 574, 222 S.W.3d 205. Accordingly, this appeal is dismissed.