John David TERRY  *v.*  John A. WHITE, in his capacity as
Chancellor of the University of Arkansas, Fayetteville, and
B. Alan Sugg in his capacity as President of the
University of Arkansas System

07-1096                                                        288 S.W.3d 199

Supreme Court of Arkansas
Opinion delivered October 2, 2008

*Christian & Byars*, by: *Eddie Christian, Jr.*; and *Pryor, Robertson, Beasley, Smith & Karber, PLLC*, by: *Gregory T. Karber*, for appellant.

*Bassett Law Firm LLP*, by: *Woody Bassett*; *Jeffrey A. Bell*, Gen. Counsel; *T. Scott Varady, William R. Kincaid*, and *Tamla J. Lewis*, Gen. Counsel, for appellees.

Paul E. Danielson, Justice. Appellant John David Terry appeals from the circuit court's order dismissing his amended complaint against appellees John A. White, in his capacity as Chancellor of the University of Arkansas at Fayetteville, and B. Alan Sugg, in his capacity as President of the University of Arkansas System, pursuant to Arkansas Rule of Civil Procedure 12(b)(6) (2007). He asserts six points on appeal: (1) that the amended complaint stated facts upon which relief could be granted; (2) that the dismissal of the amended complaint was premature; (3) that mandamus was an available remedy where Chancellor White abused his discretion; (4) that Chancellor White had an obligation to enforce the policies of the University and the National Collegiate Athletic Association (NCAA); (5) that the amended complaint alleged an illegal

exaction; and (6) that the circuit court exhibited bias and prejudice. Because we hold that the instant matter is moot, we dismiss Mr. Terry's appeal.

On June 25, 2007, Mr. Terry filed an amended complaint against both Chancellor White and President Sugg, in their capacities as chancellor and president respectively (hereinafter referred to jointly as "the University"), which asserted two causes of action: (1) mandamus and (2) waste and misuse of public funds.[1] The amended complaint asserted that Mr. Terry was a citizen and taxpayer of Arkansas and that, as a taxpayer, he was entitled to a writ of mandamus to require Chancellor White to carry out all the duties of his public office, specifically, to conduct a legitimate and independent investigation in a matter involving a deriding e-mail that was sent to a student on the University's football team by a private citizen (hereinafter, "the e-mail matter"). In addition, Mr. Terry alleged an illegal-exaction claim, stating that because Chancellor White's salary was comprised of taxpayer funds, those funds were being wasted or misused when spent to pay the salary of Chancellor White who had failed to perform all of the duties of his public office.

In support of these claims, Mr. Terry's amended complaint stated that Chancellor White was responsible to President Sugg "for enforcement of the regulations, decisions, and the policies and procedures of the University Board of Trustees." He further averred that "by virtue of his appointment as Chancellor[,]" Chancellor White was a public official, and as an employee of the University, Chancellor White was an employee of the State of

---

[1] The record reflects that Mr. Terry had previously filed a complaint against both Chancellor White and President Sugg that alleged four causes of action: (1) breach of contract; (2) breach of fiduciary duty; (3) waste and misuse of public funds; and (4) mandamus. By order of the circuit court, that complaint was dismissed on June 26, 2007. Both the breach-of-contract and breach-of-fiduciary duty claims were dismissed with prejudice as being barred by the doctrine of sovereign immunity. However, the circuit court dismissed without prejudice Mr. Terry's remaining claims and permitted him twenty days in which to file an amended complaint, which he had filed the day before and which is the subject of this appeal. The circuit court further ordered that discovery would be stayed "indefinitely pending any further Orders of this Court." Counsel for Mr. Terry was subsequently found in contempt of the discovery order, and that matter is the subject of another appeal. *See Terry v. White*, 374 Ark. 366, 288 S.W.3d 194 (2008). We granted Mr. Terry's motion for simultaneous consideration of both appeals on April 10, 2008.

Arkansas. With respect to the alleged duties, which Mr. Terry claimed the Chancellor had failed to perform, he stated:

> 13. According to the NCAA Constitution and By-Laws, Chancellor John A. White was and is responsible for the administration of all aspects of the athletics program, including approval of the budget and audit of all expenditures. The Chancellor has ultimate responsibility and final authority for the conduct of the intercollegiate athletics program. Therefore, by virtue of holding the office of Chancellor and pursuant to his contract of employment, the Chancellor has a mandatory obligation and duty to the University of Arkansas to ensure that the institution maintains compliance with the rules and regulations of the NCAA. These obligations and duties, by necessity, give rise to "investigatory powers" vested in Chancellor White.
>
> 14. As Chancellor of the University of Arkansas, John A. White also has a fiduciary duty to the student-athletes and his responsibility is affirmative in nature and requires that he exhibit fairness, openness and honesty in his relationships with the student-athletes; and a duty to ensure that the University maintains an environment that fosters a positive relationship between the student-athlete and the coaching staff. Because Chancellor White is a teacher of young people, he must do more than avoid improper conduct or questionable acts; and his own moral values must be so certain and positive that those young people will be influenced by a fine example. These duties are also a part of the Chancellor's office and taxpayers have a right to insist that Chancellor White carry out these duties. [Exhibit references omitted.]

Mr. Terry further asserted that he had standing to bring the suit as a taxpayer "who bears the financial burden" of paying Chancellor White's salary, and because it concerned an illegal expenditure, specifically, that a public official compensated with public funds had refused and continued to refuse to perform all of the duties of his public office.

After setting forth a litany of facts involving a host of characters, Mr. Terry asserted that mandamus relief was proper and requested the circuit court order Chancellor White "to cause a good faith, full, complete, and independent investigation to be conducted" in the e-mail matter. He further requested an injunction be issued to President Sugg enjoining the payment of a

portion of Chancellor White's salary to prevent the illegal exaction of taxpayer funds being paid to a public official not performing his duties.

On July 16, 2007, the University moved to dismiss Mr. Terry's amended complaint and moved for an award of attorney's fees and costs. The motion urged that the matter be dismissed with prejudice because Mr. Terry failed to present a justiciable issue as a matter of law. Mr. Terry responded to the motion, denying that his amended complaint should be dismissed. The University replied, and a hearing was held on the motion on August 17, 2007. The circuit court heard arguments from both sides, and on September 7, 2007, entered its order dismissing the amended complaint and awarding attorney's fees. In its order, the circuit court dismissed both counts with prejudice for failing to state facts upon which relief could be granted, pursuant to Ark. R. Civ. P. 12(b)(6). Mr. Terry now appeals.

As a threshold matter, we must first determine whether the instant appeal is moot, as asserted by the University. The University, both in its brief and at oral arguments, urges that this appeal is moot due to the fact that Chancellor White has since resigned from the position of chancellor. We agree.

As a general rule, the appellate courts of this state will not review issues that are moot. *See Cotten v. Fooks*, 346 Ark. 130, 55 S.W.3d 290 (2001). To do so would be to render advisory opinions, which this court will not do. *See id.* We have generally held that a case becomes moot when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *See id.* In other words, a moot case presents no justiciable issue for determination by the court. *See Shipp v. Franklin*, 370 Ark. 262, 258 S.W.3d 744 (2007).

In this case, Mr. Terry's prayer for relief within his amended complaint was quite clear. It stated:

> WHEREFORE, Plaintiff requests that the Defendants be cited to appear and answer, and that, upon trial, Plaintiff have, among other things:
>
> (a) The issuance of a writ of mandamus to Chancellor White *compelling and commanding him to cause a good faith, full, complete, and independent investigation to be conducted* in regard to the incidents of harassment directed toward the student-athlete, as described in this

complaint, in order to determine whether there were any violations of the NCAA regulations and/or University of Arkansas principles or policies;

(b) A hearing on this action, and if warranted, *a permanent injunction should be issued enjoining the Separate Defendant, B. Alan Sugg, from disbursing public funds for the payment of a portion of the salary of Chancellor John A. White.* The appropriate amount of salary to be enjoined should be determined by this Court. This is necessary so long as Chancellor White continues to fail to carry out his mandatory duties which are required of him as Chancellor of the University of Arkansas, and in order to prevent any additional waste, misuse, illegal exaction and/or expenditure of public funds;

(c) *For court costs, investigative expenses and attorney's fees incurred in bringing this action;* [and]

(d) Such other relief as Plaintiff may be entitled to receive, whether specifically prayed for herein or not. [Emphasis added.]

Mr. Terry sought action to be taken against Chancellor White in his capacity as chancellor: first, an order directing Chancellor White to conduct a complete investigation in the e-mail matter, and second, an injunction enjoining President Sugg from expending funds for a portion of Chancellor White's salary. The problem at this juncture, however, is that Chancellor White has since resigned as chancellor, of which we take judicial notice. Thus, he can no longer take any actions with respect to the e-mail matter, nor is he any longer receiving a salary from the University for serving in the capacity of chancellor.[2] Because Mr. Terry specifically sought actions to be taken against Chancellor White solely while he was in office and drawing a salary in the capacity of chancellor, and because Mr. White has since resigned as chancellor and is no longer employed by the University in that capacity, any ruling on the merits of the instant appeal by this court

---

[2] Mr. Terry argues that his appeal is not moot because despite Chancellor White's resignation, he, on behalf of the taxpayers, would be able to recover any salary paid to Chancellor White illegally, if he were successful in his action. However, our review of Mr. Terry's prayer for relief reveals no prayer for such recovery of salary already paid; instead, it seeks solely to enjoin payment of a portion of Chancellor White's salary so long as he "fail[s] to carry out his mandatory duties which are required of him as Chancellor." For this reason, Mr. Terry's argument is wholly without merit.

would constitute an advisory opinion. Further, any judgment we rendered would have no practical legal effect upon Mr. Terry's case because Mr. White no longer serves the University in the capacity of chancellor.

That being said, we have recognized two exceptions to the mootness doctrine, one of which involves issues that are capable of repetition, yet evade review. *See Honeycutt v. Foster*, 371 Ark. 545, 268 S.W.3d 875 (2007). The other mootness exception concerns issues that raise considerations of substantial public interest which, if addressed, would prevent future litigation. *See id.* This exception arose early in our case law and continues today. *See Cotten, supra.* We, therefore, must examine the instant appeal and determine whether it falls within either exception. It does not.

First, this matter does not involve an issue capable of repetition, yet evading review. The instant appeal involves whether Mr. Terry's amended complaint pled facts stating causes of action for mandamus and illegal exaction sufficient to withstand a motion pursuant to Ark. R. Civ. P. 12(b)(6). Such a determination is necessarily case-specific, as any decision would turn only on the face of the complaint at issue. Accordingly, an appeal involving the dismissal of the instant amended complaint is not an issue capable of repetition, yet evading review.

Nor does this case raise considerations of substantial public interest, which, if addressed, would prevent future litigation. As already noted, the instant appeal rises and falls on whether Mr. Terry's amended complaint stated facts upon which relief could be granted. A decision by this court reviewing the dismissal of the instant amended complaint, therefore, would in no way prevent future litigation. Accordingly, we hold that the instant appeal does not fall within the substantial-public-interest exception either.

In sum, because Chancellor White is no longer an employee of the University in the capacity of chancellor, and because the instant appeal does not fall within either of the exceptions to the mootness doctrine, we hold that the appeal is moot. We, therefore, dismiss the appeal.

Appeal dismissed.

WILLS, J., not participating.