SLIP OPINION

Cite as 2016 Ark. 446

# SUPREME COURT OF ARKANSAS

**No.** CV-16-248

| | |
|---|---|
| CACH, LLC, AND SQUARE TWO FINANCIAL CORPORATION<br><br>APPELLANTS<br><br>V.<br><br>WILLIAM ECHOLS<br><br>APPELLEE | **Opinion Delivered:** December 8, 2016<br><br>APPEAL FROM THE CLARK COUNTY CIRCUIT COURT [10CV-13-126]<br><br>HONORABLE ROBERT MCCALLUM, JUDGE<br><br>AFFIRMED. |

**ROBIN F. WYNNE, Associate Justice**

This is an interlocutory appeal of the Clark County Circuit Court's order granting class certification. An order granting or denying a motion for class certification is immediately appealable to this court under Rule 2(a)(9) of the Arkansas Rules of Appellate Procedure–Civil (2016). We affirm the circuit court's order.

In September 2013, appellant CACH, LLC, filed a complaint against appellee William Echols in the Clark County District Court. CACH alleged that Echols had breached his contract with GE Money Retail Bank when he defaulted on his obligation to pay for the charges incurred on a credit card (approximately $5000), and that as the assignee and current owner of the account, CACH was entitled to payment of the balance due on the credit card. Echols filed an answer, class-action counterclaim, and class-action third-party complaint against CACH and its owner, SquareTwo Financial Corporation. The district court transferred the case to the Clark County Circuit Court. CACH filed its answer

and a motion to dismiss with incorporated brief. Third-party defendants SquareTwo Financial Corporation and SquareTwo Financial Commercial Funding, d/b/a SquareTwo filed a separate answer.

On September 15, 2014, Echols filed a first amended class action counterclaim. Citing this court's opinion in *Simpson v. Cavalry SPV I, LLC*, 2014 Ark. 363, 440 S.W.3d 335,[1] Echols alleged that CACH is a collection agency as defined in Arkansas Code Annotated sections 17-24-101 and 17-24-301, that it had not obtained the required license from the Arkansas State Board of Collection Agencies (ASBCA), and that it had therefore violated the Arkansas Deceptive Trade Practices Act (ADTPA) and the common law when it demanded payment from and filed suit against Echols and thousands of other Arkansas residents. The counterclaim asserted causes of action for violations of the ADTPA, unjust enrichment, malicious prosecution, and abuse of process and sought an award of actual damages, punitive damages, disgorgement of profits, costs and attorney's fees, and injunctive relief. That same day, Echols filed a motion for class certification and appointment of class counsel and memorandum of law in support. CACH and SquareTwo filed an answer to the amended class-action counterclaim and a response and brief opposing the motion for

---

[1] In *Simpson*, in answering a federal district court's certified questions of law, this court held that an entity that purchases delinquent accounts and then retains a licensed Arkansas lawyer to collect on the delinquent accounts and file lawsuits on its behalf in Arkansas is a "collection agency" pursuant to Arkansas Code Annotated section 17-24-101 and is required to be licensed by the Arkansas State Board of Collection Agencies pursuant to Arkansas Code Annotated section 17-24-301(4).

SLIP OPINION

class certification. On April 8, 2015, Echols filed a second amended class-action counterclaim;[2] no amended motion for class certification was filed.

On April 29, 2015, CACH filed a motion to voluntarily dismiss its lawsuit pursuant to Rule 41(a) of the Arkansas Rules of Civil Procedure. Also on April 29, 2015, CACH and SquareTwo filed a notice of removal in the United States District Court for the Western District of Arkansas, which divested the Clark County Circuit Court of jurisdiction and delayed the class-certification hearing scheduled for the following day. In July 2015, the federal district court remanded the case to the Clark County Circuit Court. The circuit court held a hearing on the motion for class certification on October 12, 2015. At the hearing, appellants objected to any consideration of the second amended class-action counterclaim on the ground that it had been filed after the motion for class certification.

On December 17, 2015, an order was entered granting the motion for class certification. The circuit court found that the putative class action raised claims based on CACH's uniform debt-collection activities and that class certification was appropriate. The circuit court certified the following class:

> All Arkansas residents who were subject to collection actions by CACH (including both non-judicial and judicial methods of collection) when CACH was not licensed to engage in debt collection activities in Arkansas during the period of time five years immediately preceding the filing date of this lawsuit up through and including the

---

[2] The second amended class-action counterclaim added Gene Slayton as a third–party plaintiff; Slayton was sued by CACH for collection of an alleged credit-card debt, and he made payment without consulting an attorney. It also dropped the claim for malicious prosecution and added a claim for violations of the federal and state Fair Debt Collection Practices Act. There is no indication that the circuit court considered the second amended class-action counterclaim in its order granting class certification.



date of judgment. Excluded from the Class are the judge presiding over this case and his/ her immediate family members, and CACH, its members, parent, any subsidiaries, officers, directors, agents, and employees.

Echols was named class representative and his counsel were appointed to serve as class counsel. This appeal followed.

## I. *Rule 23 Elements*

In reviewing a circuit court's decision to grant or deny class certification, we give circuit courts broad discretion and will reverse only when the appellant can demonstrate an abuse of discretion. *Rosenow v. Alltel Corp.*, 2010 Ark. 26, at 4–5, 358 S.W.3d 879, 884. Our focus is "whether the requirements of Rule 23 are met" and "it is totally immaterial whether the petition will succeed on the merits or even if it states a cause of action." *Philip Morris Cos., Inc. v. Miner*, 2015 Ark. 73, at 3, 462 S.W.3d 313, 316 (quoting *Am. Abstract & Title Co. v. Rice,* 358 Ark. 1, 9, 186 S.W.3d 705, 710 (2004)). Our law is well settled that the six requirements for class-action certification, as stated in Rule 23, are (1) numerosity, (2) commonality, (3) typicality, (4) adequacy, (5) predominance, and (6) superiority. *GGNSC Arkadelphia, LLC v. Lamb*, 2015 Ark. 253, at 9, 465 S.W.3d 826, 831. On appeal, appellants challenge commonality, typicality, adequacy, predominance, and superiority. *See, e.g., Philip Morris Cos.*, 2015 Ark. 73, 462 S.W.3d 313 (addressing only those prerequisites to class certification specifically challenged on appeal).

## A. Adequacy

The three elements of the adequacy requirement are: (1) the representative counsel must be qualified, experienced, and generally able to conduct the litigation; (2) that there

SLIP OPINION

be no evidence of collusion or conflicting interest between the representative and the class; and (3) the representative must display some minimal level of interest in the action, familiarity with the practices challenged, and ability to assist in decision-making as to the conduct of the litigation. *FirstPlus Home Loan Owner 1997-1 v. Bryant*, 372 Ark. 466, 477, 277 S.W.3d 576, 585 (2008). Here, appellants argue that Echols is not an adequate class representative because his interests conflict with the interests of the class members. Appellants characterize Echols as having two separate claims, a "debt settlement claim" and a "licensing claim." They contend that Echols's debt-settlement claim creates an inherent conflict with the class members' common licensing claim because it is in his interest to focus on the debt-settlement claim, creating a conflict in litigation strategy. However, Echols's "debt settlement claim" was in fact raised as an affirmative defense to CACH's complaint, not a separate claim, and the class-action claims are based on the allegation that CACH engaged in uniform debt-collection activities without having a license from the ASBCA. We are not persuaded that there is any conflict to prevent Echols from serving as class representative.

Appellants also argue that Echols's interests conflict with class members against whom CACH's claims were reduced to judgment and who must overcome a res judicata bar. Appellants point generally to a "need for differing evidence, tactics, and legal theories" that puts Echols's interest at odds with the class. This argument is both undeveloped and unavailing. We hold that the circuit court did not abuse its discretion in finding that Echols is an adequate class representative.

SLIP OPINION

## B. Typicality

Next, appellants challenge the typicality requirement. One prerequisite to the certification of a class action is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Ark. R. Civ. P. 23(a)(3). In addressing typicality, this court has quoted with approval H. Newberg, *Class Actions* § 3.13 (1985) as follows:

> Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct. In other words, when such a relationship is shown, a plaintiff's injury arises from or is directly related to a wrong to a class, and that wrong includes the wrong to the plaintiff. Thus, a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory. When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of varying fact patterns which underlie individual claims. [Footnotes omitted.]

*Teris, LLC v. Chandler*, 375 Ark. 70, 79–80, 289 S.W.3d 63, 70 (2008).

Just as above, appellants' argument is centered on the premise that Echols has an individual "debt settlement claim" that is at odds with the class "licensing claim" and defeats typicality.[3] Here, the circuit court found that Echols's claim is typical "since it arises from the same event, practice or course of conduct that gives rise to the claims of other class

---

[3] To the extent that appellants rely on Echols's deposition testimony under this point, we reject any contention that his testimony regarding his claim under the ADTPA controls over the pleadings.

members." We hold that there was no abuse of discretion in the circuit court's finding that the typicality requirement had been met.

## C. Commonality

Next, appellants challenge Rule 23(a)(2)'s requirement of "questions of law or fact common to the class." They cite *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), in which the United States Supreme Court reversed the certification of a class of female employees who brought a Title VII action against their employer alleging sex discrimination. In addressing the commonality requirement for class certification under Federal Rule of Civil Procedure 23, the Court stated that the common questions necessary for class certification must be questions that generate "common answers apt to drive the resolution of the case." Here, the circuit court found that the allegations in the counterclaim are based on the same conduct (taking action to collect debts without the necessary license) that affects each putative class member. We hold that the circuit court did not abuse its discretion on this point.

## D. Predominance

Rule 23(b) requires that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members." This court has stated that this requirement has been met where there are predominating questions that can be answered before individualized ones. *Campbell v. Asbury Auto., Inc.*, 2011 Ark. 157, at 18, 381 S.W.3d 21, 34–35. Here, appellants argue that the predominance requirement has not been met because an examination of the elements of the causes of action shows that

resolution of those claims is fact specific. This court has affirmed the certification of class actions brought under the ADTPA and for unjust enrichment on numerous occasions, and appellants' argument on this point must fail. *E.g.*, *Asbury Auto. Grp., Inc. v. Palasack*, 366 Ark. 601, 237 S.W.3d 462 (2006) (class of vehicle purchasers challenging a documentary fee charged by car dealerships, alleging in part a violation of the ADTPA); *Kersten v. State Farm Mut. Auto. Ins. Co.*, 2013 Ark. 124, 426 S.W.3d 455.

CACH's debt-collection practices, which were undertaken without a license from the ASBCA, are the central issue of this litigation, and the circuit court did not abuse its discretion in finding that the predominance requirement had been met.

### E. Superiority

Appellants argue under this point that a class action is not "superior to other available methods for the fair and efficient adjudications of the controversy." Ark. R. Civ. P. 23(b). They contend that because the class includes persons who were or are currently parties to separate lawsuits, the issues raised in this case would be best left to the courts that have entered judgments, presided over the proceedings, and/or entered orders of dismissal following settlement. Appellants argue that those courts have "the individualized and specialized knowledge for each of those individual cases." This argument is unpersuasive.

With respect to superiority, this court has held that the requirement is satisfied if class certification is the more "efficient" way of handling the case and if it is fair to both sides. *USA Check Cashers of Little Rock, Inc. v. Island*, 349 Ark. 71, 82, 76 S.W.3d 243, 248–49 (2002). Real efficiency can be had if common, predominating questions of law or fact are

SLIP OPINION

first decided, with cases then splintering for the trial of individual issues, if necessary. *Id.* Here, common issues can be resolved on a class-wide basis, and appellants' concern for fashioning appropriate remedies (reversing previous judgments, staying cases already filed, unwinding settlement agreements) can be addressed at a later time.

## II. *Mootness*

Following this court's decision in *Simpson v. Cavalry SPV I, LLC*, 2014 Ark. 363, 440 S.W.3d 335, the General Assembly passed Act 1249 of 2015, codified at Arkansas Code Annotated section 17-24-103, which provides for the "retroactive licensing" of collection agencies by payment of a civil penalty to the ASBCA. Section 17-24-103(b)(3) provides that "[t]he remedies in the form of civil penalties provided in this section for failing to obtain a license issued under this chapter shall be the only consequence of and remedy for the failure of a collection agency to obtain a license when required under this chapter." Appellants contend that the circuit court erred in granting class certification because all claims are moot now that it has obtained a license from the ASBCA. Appellants note that, at the time of the class certification, the ASBCA had not set the retroactive licensing procedure, and they argue that this court should reverse and remand for documentation of the record of CACH's retroactive licensing pursuant to the amended statute.

As a general rule, the appellate courts of this state will not review issues that are moot. *Terry v. White*, 374 Ark. 387, 391, 288 S.W.3d 199, 202 (2008). To do so would be to render advisory opinions, which this court will not do. *Id.* We have generally held that a case becomes moot when any judgment rendered would have no practical legal effect upon

a then-existing legal controversy. *Id.* In other words, a moot case presents no justiciable issue for determination by the court. *Id.* Here, appellants' mootness argument is, in fact, an attack on the merits of the class members' claims. This court has stated the following:

> We have held that "neither the trial court nor the appellate court may delve into the merits of the underlying claim in determining whether the elements of Rule 23 have been satisfied." *Id.* Our court has said on this point that "*a trial court may not consider whether the plaintiffs will ultimately prevail, or even whether they have a cause of action.*" *Id.* We, thus, view the propriety of a class action as a procedural question. *See id.*

*Gen. Motors Corp. v. Bryant*, 374 Ark. 38, 42, 285 S.W.3d 634, 638 (2008) (quoting *Carquest of Hot Springs, Inc. v. Gen. Parts, Inc.*, 367 Ark. 218, 223, 238 S.W.3d 916, 920 (2006)). We will not delve into appellants' asserted defense of retroactive licensing in this interlocutory appeal of the class-certification order. Accordingly, we reject appellants' mootness argument and affirm on this point.

## III. *Standing*

Finally, appellants argue that Echols does not have standing to pursue any claims against SquareTwo Financial Corporation, the parent company of CACH, because SquareTwo did not pursue any collection activity against him. Appellants failed to obtain a ruling on this argument below, and failure to obtain a ruling from the trial court is a procedural bar to our consideration of an issue on appeal. *E.g.*, *Travis Lumber Co. v. Deichman*, 2009 Ark. 299, at 20, 319 S.W.3d 239, 252.

Affirmed.

*Watts, Donovan & Tilley, P.A.*, by: *David M. Donovan*, for appellants.

*Arnold, Batson, Turner & Turner, PA*, by: *Todd Turner* and *Dan Turner*, for appellee.