
SLIP OPINION

Cite as 2017 Ark. 63

# SUPREME COURT OF ARKANSAS

No. CV–16–696

|  |  |
|---|---|
| MISSISSIPPI COUNTY, ARKANSAS; QUORUM COURT OF MISSISSIPPI COUNTY, ARKANSAS; RANDY CARNEY, IN HIS OFFICIAL CAPACITY AS COUNTY JUDGE; MISSISSIPPI COUNTY BOARD OF ELECTION COMMISSIONERS; AND MISSISSIPPI COUNTY CLERK<br><br>APPELLANTS<br><br>V.<br><br>CITY OF OSCEOLA, ARKANSAS; JAMES ROBERT BAKER, JR.; AND DOROTHY J. POLLOCK<br><br>APPELLEES | **Opinion Delivered:** March 2, 2017<br><br>APPEAL FROM THE MISSISSIPPI COUNTY CIRCUIT COURT [NOS. 47BCV–2016–160, 47OCV–2016–66]<br><br>HONORABLE DAVID N. LASER, JUDGE<br><br><br><br>APPEAL DISMISSED. |

**JOHN DAN KEMP, Chief Justice**

This is an appeal from the Mississippi County Circuit Court's order issuing a temporary injunction and enjoining the August 9, 2016 special election to amend an existing sales-and-use tax and to issue bonds to finance the construction of a new Mississippi County courthouse. For reversal, appellants, Mississippi County and others (the County),[1] contend that the circuit court erred by enjoining the August 9 special election and ruling that section 20 of Act 81 of 1901 prohibits a countywide sales-and-use tax to fund the construction of

---

[1] Other appellants are the Quorum Court of Mississippi County; Randy Carney, in his official capacity as county judge; Mississippi County Board of Election Commissioners; and Mississippi County Clerk.

SLIP OPINION

a new county courthouse. The County also challenges the circuit court's rulings concerning notice and amendments of ordinances. We dismiss the appeal as moot.

By Act 81 of 1901, Mississippi County was divided into two judicial districts, which were designated as the Osceola District and the Chickasawba District. *See* Act of Apr. 4, 1901, No. 81, 1901 Ark. Acts 136. The Osceola District is based in the City of Osceola, and the Chickasawba District is based in the City of Blytheville.[2] Relevant to this appeal, Act 81 states that "all revenue accruing to the county . . . from all other sources whatever, shall be used for the exclusive benefit of the district in which such revenue shall arise." *See* Act 81, § 20.

In 2014, Mississippi County voters approved a sales-and-use tax to support the Mississippi County Hospital System. On April 26, 2016, Mississippi County sought to redirect some of the proceeds from this tax, as well as to extend the tax, to finance the construction of a new Mississippi County courthouse to be located in Blytheville. The Mississippi County Quorum Court enacted three measures to effect this change. First, the quorum court passed Ordinance No. O-2016-05, which changed the hospital tax so that proceeds would no longer be used exclusively for the Mississippi County Hospital System and would allow half of the tax to be used for construction or renovation of "new or existing county courthouses and court facilities located in Blytheville, Arkansas." Second, the quorum court passed a resolution referring the ordinance to the voters at a special election on August 9, 2016. Third, the quorum court passed Ordinance No. O-2016-06 calling a

---

[2]Prior to Act 81 of 1901, all court proceedings were held in Osceola. In an election mandated by Act 81, *see* Act 81, § 4, Blytheville was chosen over Manila as the location for the Chickasawba District courthouse.

special election on issuance of bonds to help fund "a new County courthouse to be located in Blytheville."

On July 12, 2016, appellees, the City of Osceola and others (the City),[3] commenced an action against the County in the Circuit Court of Mississippi County, Chickasawba and Osceola Judicial Districts, seeking to enjoin the August 9, 2016 special election. The City alleged that the proposed ordinance and courthouse bonds, if approved, would impose an unlawful taxation on the citizens of the Osceola Judicial District. The City also alleged that the County had failed to comply with statutory requirements pertaining to notice and amendments of ordinances. On July 26, 2016, the circuit court granted the City's request for a temporary injunction and enjoined the August 9, 2016 special election. The County appealed.

The City contends that this appeal should be dismissed as moot. We agree. A case becomes moot when any judgment rendered would have no practical legal effect upon a then existing legal controversy. *E.g.*, *Terry v. White*, 374 Ark. 387, 288 S.W.3d 199 (2008). There are some exceptions to the mootness doctrine, such as cases involving issues that are capable of repetition yet evade review and cases involving the consideration of public interest and prevention of future litigation, *see, e.g.*, *Ark. Gas Consumers, Inc. v. Ark. Pub. Serv. Comm'n*, 354 Ark. 37, 118 S.W.3d 109 (2003), but these exceptions do not apply to the present case.

---

[3] Other appellees are James Robert Baker, Jr., and Dorothy J. Pollock. Baker and Pollock are residents of Osceola and taxpayers and qualified voters of Mississippi County.

The issues raised in the County's appeal are moot for two reasons. First, the special election enjoined in this case was scheduled for August 9, 2016, and that date has passed.[4] Second, the instant appeal is rendered moot by our decision in the companion case, Case No. CV-17-123, *Mississippi County v. City of Osceola*, 2017 Ark. ___. In that case, we rejected Mississippi County's contention that the circuit court erred by enjoining a special election on the grounds that Act 81 of 1901 prohibits an ordinance that authorizes the issuance of bonds to finance a new Mississippi County courthouse to be located in Blytheville. Because the date for the special election has already passed and because the pertinent issues have been resolved in the companion case, we dismiss the instant appeal as moot.

Appeal dismissed.

The mandate shall issue immediately.

*Steel, Wright, Gray & Hutchinson, PLLC*, by: *Alex T. Gray*, *Nate Steel*, and *Jeremy Hutchinson*, for appellants.

*McDaniel, Richardson & Calhoun, PLLC*, by: *Bart W. Calhoun*, for appellees.

---

[4]We note that the County filed its notice of appeal on July 27, 2016. On August 5, 2016, the County filed with this court a motion for expedited appeal and accelerated briefing schedule. In its motion, the County requested that the accelerated briefing schedule should begin no later than August 11, 2016, which was two days after the scheduled special election.