Cite as 2024 Ark. App. 479

# ARKANSAS COURT OF APPEALS
## DIVISION III
No. CR-23-434

| | |
|---|---|
| QUAKE HOWARD LEWELLYN<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS AND<br>CATEGORY SIX ORIGINALS<br>FOURTEEN LLC<br>APPELLEES | Opinion Delivered October 9, 2024<br><br>APPEAL FROM THE LAWRENCE<br>COUNTY CIRCUIT COURT<br>[NO. 38CR-21-136]<br><br>HONORABLE ROB RATTON, JUDGE<br><br>DISMISSED |

**BART F. VIRDEN, Judge**

Quake Howard Lewellyn appeals the Lawrence County Circuit Court order granting Category Six Originals' (Category 6) request for intervenor access to sealed court documents. We dismiss the case as moot.

## I. *Relevant Facts*

In October 2020, Lewellyn was charged with kidnapping, capital murder, and other crimes regarding the death of Sydney Sutherland. In October 2021, Lewellyn pleaded guilty to capital murder and rape, and he was sentenced to life in prison without parole. On November 2, 2021, the circuit court entered an order sealing the entire investigative file for 38CR-21-136, *State of Arkansas v. Quake Howard Lewellyn* "except documentary reports and written findings."

On October 6, 2022, Category 6 requested the investigative file for 38CR-21-136, pursuant to the Arkansas Freedom of Information Act (FOIA). The circuit court initially denied the FOIA request, finding that the investigative file was sealed and not subject to FOIA.

On December 7, Category 6 filed a motion for limited intervention, access to sealed court documents, and other relief. Category 6 explained in the motion that it produced television specials for the A&E Network, and Category 6 planned to make a special regarding Sydney Sutherland's murder. Category 6 stated that Sydney's family had given its permission to have access to the investigative file, and there is both a common-law and First Amendment right to have access to the sealed information.

On December 29, Lewellyn responded that Category 6 had cited no relevant authority supporting its contention that it had a right to intervene, and Category 6 was "merely a corporation set out to gain from exploiting the facts of this case." Moreover, Lewellyn claimed, Category 6 was not compliant with Arkansas Rule of Civil Procedure 24, and there was no statute confirming any right to intervene on the basis of these circumstances.

On February 10, 2023, the circuit court granted Category 6's motion to intervene. On March 7, the circuit court entered an order vacating the order to seal the investigative file and granted Category 6's request for access to certain photographs taken during the investigation, audio and video recordings of Lewellyn's and others' police interviews, GPS data, surveillance and Ring camera footage, the autopsy report, social media data, and cell phone data.

Lewellyn timely filed his notice of appeal, and this appeal followed. On appeal, Lewellyn argues that the circuit court erred in granting Category 6's motion to intervene because the motion was not timely and because Category 6 did not prove a legal or justifiable reason that it is entitled to the documents requested. Lewellyn's appeal is moot.

II. *Discussion*

Category 6 explains that reversing the circuit court's order granting intervention and vacating the order granting Category 6 access to specific documents would have no "practical effect" because Category 6 has already had access to the investigative files. We agree.

As a general rule, our appellate courts will not review issues that are moot. *See Terry v. White*, 374 Ark. 387, 391, 288 S.W.3d 199, 202 (2008). To do so would be to render advisory opinions, which we will not do. *Id*. A case is moot when any judgment rendered would not have any practical legal effect upon a then-existing legal controversy. *Id*. In other words, a moot case presents no justiciable issue for determination by the court. *Id*.

The information sought in Category 6's FOIA request was released and used for the purpose it was intended; accordingly, there is no live controversy for this court to resolve, and the case is moot.

Moreover, the exceptions to the mootness doctrine do not apply here. Our appellate courts have recognized two exceptions to the mootness doctrine: matters capable of repetition yet evading review and matters of substantial public interest likely to be litigated in the future. *See Protect Fayetteville v. City of Fayetteville*, 2019 Ark. 28, at 3, 566 S.W.3d 105, 108. An issue capable of repetition yet evading review arises when the justiciable controversy

will necessarily expire or terminate prior to adjudication. *See Wright v. Keffer*, 319 Ark. 201, 203, 890 S.W.2d 271, 272 (1995). The other exception applies when considerations of substantial public interest or the prevention of future litigation are present. *See Duhon v. Gravett*, 302 Ark. 358, 360, 790 S.W.2d 155, 156 (1990). This court has the authority to decide whether to settle an issue that is moot, and we do not improvidently utilize either exception. *See Protect Fayetteville*, 2019 Ark. 28, at 3, 566 S.W.3d at 108. Category 6 asserts in its brief that "[n]othing stopped Mr. Lewellyn from seeking a stay pending appeal of the order granting Category 6 access to investigative files. In other words, should this type of issue arise in the future, it would not evade review." We agree. Future respondents to a motion to intervene can use the available court process to attempt to prevent the intervention, and any potential substantial public interest may be addressed at that time. We dismiss the case as moot.

Dismissed.

GLADWIN and MURPHY, JJ., agree.

*Josh Q. Hurst*, for appellant.

*Quattlebaum, Grooms & Tull, PLLC*, by: *John E. Tull III* and *Glenn Larkin*, for separate appellee Category 6 Originals Fourteen LLC.