Cite as 2025 Ark. App. 576

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–24–846

| | | |
|---|---|---|
| | | **Opinion Delivered** December 3, 2025 |
| CORTLEY BREWER | | |
| | **APPELLANT** | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR-23-987] |
| V. | | |
| | | HONORABLE H.G. FOSTER, JUDGE |
| STATE OF ARKANSAS | | |
| | **APPELLEE** | |
| | | WRIT DENIED |

## BRANDON J. HARRISON, Judge

Cortley Brewer appeals the circuit court's orders sentencing him to an aggregate term of twelve months' probation but remanding to the district court to supervise his probation. He argues that the circuit court should not have remanded to the district court, particularly when the district court did not recognize the probation conditions put in place by the circuit court. We consider this appeal a request for writ of certiorari and deny the writ because the matter is moot.

On 4 October 2023, the Faulkner County District Court found Brewer guilty of second-degree terroristic threatening and harassment, both Class A misdemeanors. He was sentenced to ten days in jail and twelve months' probation, respectively. He was also ordered to have no contact with the victim, Charles Clawson III, for one year. Brewer filed a notice of appeal, along with a certified copy of the district-court record, in the circuit court on October 5.

The circuit court held a pretrial hearing on 20 November 2023. Brewer entered an agreed plea of nolo contendere to both charges with an aggregate sentence of twelve months' probation, and the court entered the sentencing order on 8 February 2024. Brewer's probation conditions included the requirement that he report "to the Probation Office of Faulkner County Circuit Court as directed." The court also imposed $2140 in fines, fees, and costs, which Brewer paid in full on 6 March 2024.

On 13 May 2024, "on motion of the City of Conway,"[1] the circuit court entered an order finding that Brewer had been placed on probation for a period of twelve months, from 8 February 2024 to 7 February 2025; that Brewer should report to the Faulkner County District Court Probation Office within seven days of the entry of this order or as otherwise directed by the probation officer; and that the no-contact order would remain in effect until 19 November 2024. The order also stated, "This case is remanded to Faulkner County District Court."

On 6 June 2024, the court amended its order and made the following findings:

> 1. A Judgment and Disposition Order was entered in this case on February 8, 2024, and Defendant was placed on probation for a period of 12 months, from February 8, 2024, to February 7, 2025. Conditions of Probation were entered in this Court on February 23, 2024. . . . Except as modified herein, all findings and orders contained in the Judgment and Disposition Order remain in effect.

> 2. Because the case originated in District Court, Defendant's probation shall be established and supervised in the Faulkner County District Court Probation Office, and the Defendant shall report to the Faulkner County District Court Probation Office within seven (7) days of entry of this Order, or as otherwise directed by the probation officer.

---

[1]This motion is not in the record.

3. This Court remands this case to the Faulkner County District Court, so that the Probation Office can supervise the Defendant's probation, pursuant to the Judgement and Disposition, Sentencing Order, and Conditions of Probation entered in this Court, all of which shall remain in full force and effect.

Approximately two weeks later, on June 28, Brewer requested a writ of certiorari, mandamus, or any other available relief from the circuit court. He explained that after his sentencing order and probation conditions had been entered, he had attempted to report to the circuit court probation office as directed, but that office refused to supervise his probation and insisted that the district court probation office must supervise his probation "because the case originated in Faulkner County District Court." However, the district court probation office claimed that it could not supervise his probation without an order from the circuit court directing it to do so.

Brewer further explained,

4. Defendant made multiple good faith attempts over a couple of months to get his probation set up, but to no avail. At the direction of Crystil Hollis, District Court Probation Officer, defense counsel and Charles Finkenbinder, Conway City Attorney, entered into an Agreed Order remanding the case for supervision in District Court Probation.

5. Thereafter, the District Court Probation, however, implemented probation for Defendant, but, remarkably, and erroneously, it was based upon the original district court sentence and probation conditions, completely ignoring this court's order.[2]

The circuit court's June 6 order was issued to clarify for the district court probation office that the circuit court's sentencing order and probation conditions are to be implemented,

---

[2]The difference between the district court's probation conditions and the circuit court's probation conditions is not clear from the record.

3

but according to Brewer, "District Court Probation has rejected this Court's order and directions to supervise the circuit court probation conditions." Brewer argued that he was "in intractable limbo between this court and district court" and asked the circuit court to discharge him from probation altogether.

On 2 July 2024, the circuit court granted Brewer's request to terminate his probation early "for good cause." The day after this order was entered, the State responded to Brewer's motion and asked that instead of terminating probation, the court change the probation to unsupervised.

The circuit court convened a hearing on 12 August 2024. Both defense counsel and the State assured the circuit court that it had not done anything "that ha[d] divested this Court of jurisdiction over this case." After speaking with counsel, the court stated,

> When I make a very specific order to an agency that I work with everyday and the order involves something that they do for me every day, I find out long after the fact . . . that it was not complied with it, in fact, doesn't even seem to have been noticed I want to get to the bottom of that. I'm doing that—the reason I'm doing that is these motions and I appreciate it. I don't want your guy to be unduly prejudiced by the fact that some other Court is fishing in our pond. Various agencies aren't doing what they don't want to do. Your guy ends up getting—ends up paying for it and I don't want that to happen. Let me have a pretrial date about 30 days out, because what I'm going to do is get to the bottom of this. I'm going to go back—generate—look at the file, look at the papers, this and that. And there's a decent chance unless one of you guys have an objection, I'll probably have a conversation with the probation and parole.

The court scheduled another pretrial hearing on September 9, but there is no indication in the record that this hearing occurred. Instead, on September 5, the court issued an order with the following findings:

> 1. That the Order of Probation from this Court was, and is, a valid Order and is to be complied with unless and until it is modified by this, or a

4

Superior, Court.

2. This Court's Order for Probation, and attendant conditions of probation, are the Law of this case, and are to be followed.

3. Although allegations of failure to comply with this Court's Orders have been made, this Court's only concern, at this point, is that its Orders be complied with, starting immediately.

4. The defendant shall serve the remainder of his previously Ordered Probation, under the conditions set by this Court, and supervised by the District Court Probation Office.

5. The directives in paragraph 4 above will start being complied with immediately upon entry of this Order. Immediate compliance will include the forthwith scheduling of the defendant's meeting with the District Court Probation Office for the purpose of implementing this Order, no later than September 10, 2024.

On September 25, Brewer filed a second motion for writ of certiorari, mandamus, and all other available relief and explained that pursuant to the court's September 5 order, he contacted Officer Crystil Hollis at the District Court Probation Office on September 10 to set up a report date. Defense counsel also emailed Hollis to call attention to the circuit court's September 5 order. Hollis responded that the circuit court order was issued after the case had been remanded to district court, so the circuit court did not have jurisdiction over the matter. Hollis ordered Brewer to report to the District Court Probation Office to begin supervision pursuant to the district court probation conditions or face a revocation warrant for his arrest. Brewer asked the circuit court to resolve the matter immediately and discharge him from probation.

On September 27, Brewer filed a motion to revoke and quash warrant. He asserted that an arrest warrant had apparently been issued on September 16 in the district court, but "the image of same is restricted and unavailable online." He asked the court to order the

5

clerk to "unseal" the warrant and all related documents and to order law enforcement to take no action on the warrant.

Later in the afternoon of September 27, the circuit court entered an order denying both Brewer's second motion for writ of certiorari, mandamus, or other available relief and his motion to revoke and quash warrant. The court explained that the matter had been remanded to the district court with direction, that "upon the signing of said Remand Order, this Court divested itself of jurisdiction," and that "per Defendant's filings the District Court has already taken action pursuant to said remand."

On October 4, Brewer filed a notice of appeal from "the final orders of this court divesting itself of jurisdiction, yet requiring that [its] probation order be followed, and denying Defendant's Second Motion for Writ of Certiorari, Mandamus, for Emergency Relief, and all Other Available Relief."

Brewer invokes this court's jurisdiction in part pursuant to Ark. Sup. Ct. R. 6-1, which governs extraordinary writs. A writ of certiorari is extraordinary relief, and we will grant it only when there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record. *Ark. Dep't of Hum. Servs. v. Collier*, 351 Ark. 506, 95 S.W.3d 772 (2003). In determining its application, we will not look beyond the face of the record to ascertain the actual merits of a controversy, to control discretion, to review a finding of fact, or to reverse a circuit court's discretionary authority. *Id.* A writ of certiorari lies only where it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion, and there is no other adequate remedy. *Id.*

6

Brewer advances a variety of arguments on appeal. He first asserts that he is in "limbo" and has no adequate remedy by appeal. He also contends that his probation should be over, but there has been no order discharging him from probation. Next, he appears to argue that the circuit court retains jurisdiction for enforcing its orders, including probation, and should not have remanded to the district court, and that the district court has no authority to alter the circuit court's orders.

Brewer's next argument is raised for the first time on appeal. He asserts that it was a "fundamental error" for the circuit judge to preside over a case in which another circuit judge in the same judicial district is the alleged victim. He concedes this argument was not made below but contends that the third or fourth *Wicks* exceptions should apply. He also concedes that he cannot show prejudice but nevertheless argues that it presents an appearance of impropriety.

Finally, Brewer posits whether the case is moot because his probation sentence is legally over, and all his fines have been paid. He concludes that this court should not consider the case moot because "the recusal question and the remand of probation to the wrong place presented here are significant, and resolving them is in the public interest." The State responds that all the issues raised by Brewer are moot because his probation has expired.

Arkansas Code Annotated section 5-4-307(a) (Repl. 2024) provides that "a period of suspension or probation commences to run when the circuit court pronounces the probationer's sentence in the courtroom or upon the entry of a sentencing order, whichever occurs first." Here, the agreed disposition for twelve months' probation on each charge was

discussed at the 20 November 2023 hearing, but the court actually imposed Brewer's sentence on 8 February 2024. Therefore, his probation expired on 7 February 2025, and any issue concerning the appropriate authority to supervise his probation is moot.

Finally, Brewer's request for relief asks this court to hold that all circuit and district judges in the twentieth judicial district should have recused; that probation ends one year from when it is pronounced, not when the sentencing order is entered; and that probation should stay with the court that imposes it and not be remanded to the district court. These issues are also moot because any holding rendered would not have any practical legal effect on a then-existing legal controversy. *See Terry v. White*, 374 Ark. 387, 288 S.W.3d 199 (2008) (a moot case presents no justiciable issue for determination by the court). As a general rule, our appellate courts will not review issues that are moot. *Id.* To do so would be to render advisory opinions, which we will not do. *Id.*

Writ denied.

VIRDEN and GLADWIN, JJ., agree.

*John Wesley Hall*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.